**Frank Leon LAIRMORE, Appellant,**

v.

**Sharon Kay LAIRMORE, Appellee.**

**No. 52228.**

Supreme Court of Oklahoma.

Sept. 30, 1980.

Robert G. Fry, Jr., Tulsa, for appellant.

Daniel S. Buford, Tulsa, for appellee.

BARNES, Justice:

In this case, the Appellant, a plaintiff in a divorce proceeding, appeals from the child support provisions of the divorce decree, severing the marriage relationship between himself and his former wife, Appellee Sharon Kay Lairmore.

In appealing the case, Appellant–husband asserts two propositions of error:

(1) That the court erred in refusing to correctly apply the provisions of Title 10, Oklahoma Statutes, § 4 (Supp. 1975), in determining the child support to be paid by Appellant.

(2) That the decision and order of the trial court which directed that the child support to be paid by Appellant was to be automatically increased as the minor children reached certain ages, was erroneous, as it was:

(a) Contra to the intent of Title 12, § 1277 (Supp.1974),

(b) Speculative in nature,

(c) Was not warranted by any findings of fact based upon competent, sufficient, and material evidence,

(d) Placed an unnecessary burden on the Appellant to show affirmatively that there had been a change of condition in his income to warrant reduction in child support.

Based on these propositions of error, Appellant argues that the trial court, in ruling on the child support provisions of the decree, abused its discretion.

## I.

We will first determine whether the trial court erred in refusing to correctly apply the provisions of 10 O.S. § 4 (Supp.1975). That statute provides:

"The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the parent having custody is able to give are inadequate, the other parent must assist to the extent of his or her ability."

In *LeCrone v. LeCrone,* 596 P.2d 1262 (Okl.1979), this Court held that 10 O.S. § 4 (Supp.1975) has:

"... no application in child support proceedings arising out of divorce, annulment, or separate maintenance actions, but rather, this statute is the pronouncement of the legal duty of parents to support and educate their children arising out of the parent–child relationship and upon the interest of the state as *parens patriae* of children so as to prevent the child from becoming a public charge. The statute makes no reference to divorce, annulment or legal separation."

As the provisions of 10 O.S. § 4 (Supp.1975) have no application in child support proceedings arising out of divorce, we hold that the trial court did not err in failing to apply the provisions of that statute in the divorce proceeding before it.

## II.

We next determine the validity of the provisions of the decree which provided that child support payments would automatically increase on the 10th, 13th, and 16th birthdays of the litigants' children.

The portion of the divorce decree which ordered the automatic increase of the child support provided:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the plaintiff pay to the defendant, as a contribution to and toward the support of the minor children of the parties hereto, the sum of $200.00 per month per child, or a total of $400.00 per month, commencing April 1, 1978. Upon either child reaching their 10th birthday, then coinciding with the first day of the following month, the child support for that child shall increase to $225.00 per month. This is to say that when Ricky reaches age 10, the first day of the following month, the total child support payable by the plaintiff to the defendant shall be $425.00 per month, and shall remain at that sum until LaTisha becomes 10, and then in that event, her support shall increase on the first day of the month following her birthday to $225.00, and the total child support payable by the plaintiff to the defendant shall be $450.00 per month. Upon Ricky becoming 13 years of age, then coinciding with the first day of the following month, the child support for that child shall increase to $250.00 per month, making the total child support $475.00 per month, and shall remain at that said sum until LaTisha becomes 13, and then in that event, her support shall increase on the first day of the month following her birthday to $250.00, and the total child support payable by the plaintiff to the defendant shall be $500.00 per month. Upon Ricky becoming 16 years of age, then the first day of the following month, the child support for that child shall increase to $300.00 per month, making the total child support $550.00 per month, and shall remain at that said sum until LaTisha becomes 16, and then in

that event, her support shall increase on the first day of the month following her birthday to $300.00, and the total child support payable by the plaintiff to the defendant shall be $600.00 per month."

Although we are unable to find any case in which the precise issue before us has been addressed, several of our sister jurisdictions have considered similar cases. For example, in *Christoffersen v. Christoffersen,* 151 Neb. 763, 39 N.W.2d 535 (1949), the Nebraska Supreme Court held that child support payments that would vary depending upon the amount of the appellant–father's monthly income were improper. In that case, the child support was fixed at $70.00 monthly when the father earned $175.00 a month, and $50.00 monthly when he earned less than $175.00. Finding this "sliding scale" form of award improper, the Court stated:

"The decree provides child support on a sliding scale, the sum payable depending upon the amount of the earnings of appellant. The amount is not fixed and certain, but is made to depend upon the future earnings of appellant, and these may frequently fluctuate.... *Support money, when allowed, should be certain and definite, based upon present conditions, and not made to depend upon uncertain and speculative contingencies or hypothetical earnings or income.* Procedure has been provided for the revision and modification of such orders based upon the situation existing and made at the time of the trial, if the circumstances of the parties change or it shall be to the best interests of the children.... The practice adopted by the district court in this case [the sliding scale support award] is disapproved." 39 N.W.2d 535, at 536. [Emphasis added.]

Recently, the Nebraska Supreme Court reaffirmed this holding in *Breiner v. Breiner,* 195 Neb. 143, 236 N.W.2d 846 (1975), when it ruled that child support payments based upon the amount of the appellant–father's annual bonus were improper.

The Oregon Supreme Court, in *Picker v. Vollenhover,* 206 Or. 45, 290 P.2d 789, 801 (1955), ruled that support payments based upon fluctuations in the father's income were invalid. In so holding, the Court stated:

"... At the time of divorce the court should not lay down rules for the future whose propriety would depend on circumstances materially different from those shown by the evidence and which cannot reasonably be predicted from the evidence. *In particular, it should not in the original decree provide for future changes in the quantum of support based on the single criterion of the change in the amount of the earnings of the defendant.* The original decree retains its vitality unless and until the court on proper showing finds that on all of the evidence presented a change in support is required." 290 P.2d 789, at 801. [Emphasis added]

Also see *Di Tolvo v. Di Tolvo,* 131 N.J.Super. 72, 328 A.2d 625 (1974), in which the court held invalid a provision that the father pay fifty per cent of his net salary raises as additional alimony, commenting that the "appropriate proceeds" was for the court to award a specific sum, subject to modification in a later action if changes of circumstances were established.

Although jurisdictions are not unanimous in such rulings,[1] we are persuaded that the automatic increase of child support based upon a single criterion is speculative, and therefore improper.

Like our sister jurisdictions of New Jersey and Oregon, we think it improper for a trial court to provide for automatic future changes in child support, based upon a single criterion–in the case before us, age. Whether a child will be in need of additional child support, and whether the parent is able to provide such additional support, is not contingent upon a child's age. The court has no way of knowing what the financial status of either the child's mother or father will be in the future, nor does the

---

1. *Scheldrup v. Gaffney,* 243 Iowa 1297, 55 N.W.2d 272 (1952).

court know whether the child will be employed, is receiving insurance, benefits, scholarships, or the like. The creation of such automatic increases in child support based upon a single criterion such as age, income, or location, is too speculative, as the court has no way of knowing the financial positions or needs of the parties, based upon such single criterion. This being the case, we hold that the trial court erred in providing for the automatic increases in child support based upon age.

 In so holding, we would note that the original award of $200.00 per month per child is, under the facts before us, not excessive, and is affirmed. However, the portion to the decree providing for automatic increases in child support is reversed.

For the above stated reasons, we affirm the action of the trial court in all respects save its providing for automatic increases in child support based upon the children's age.

AFFIRMED IN PART AND REVERSED IN PART.

All the Justices concur.