758 So.2d 502 (2000)
Roger A. STROUD, Appellant,
v.
Marion T. STROUD, Appellee.
No. 1998-CA-01597-COA.
Court of Appeals of Mississippi.
May 9, 2000.
Samuel E. Farris, Hattiesburg, Attorney for Appellant.
Delos H. Burks, Picayune, Attorney for Appellee.
EN BANC.
KING, P.J., for the Court.
¶ 1. This appeal is taken from a Final Judgment of the Chancery Court of Walthall County assessing the Appellant, Roger Stroud(Stroud) a $28,445.00 judgment for past due child support. Stroud and his ex-wife Marion Stroud were divorced on the grounds of irreconcilable differences in January 1991. At the time of the divorce, they had two minor children. Incident to the divorce a settlement agreement was executed outlining among other things *503 child support provisions. Stroud agreed to pay $1,000 per month until the mortgage on the family home was paid and then to pay 20% of his gross adjusted income (AGI) for the support of the minor children. Stroud's support obligation would decrease to 14% of his AGI ninety days after the college graduation of his oldest child and continue at this rate until ninety days after the college graduation of his youngest child.
¶ 2. In February 1996, Stroud filed a modification petition to reduce his child support payments and his lump sum alimony payment. In March 1996, Marion Stroud cross petitioned to modify the final judgment of divorce. The purpose of her petition was to increase child support for their youngest daughter, Frances Clair. Their oldest child, Denise had become emancipated since the last decree. In his November 1996 court order, the chancellor determined there had been no material changes since the last decree except the emancipation of the older child and therefore no additional support was owed Denise. The chancellor further ordered Roger Stroud to comply with the support agreement for the years 1991-1995 during which time increased child support was owed. The chancellor then ruled that the prior support agreement remained in full force and effect and the minor child, Francis Clair, was entitled to 14% of Stroud's current AGI.
¶ 3. In November 1997, Marion Stroud filed a contempt action for Stroud's failure to abide by the November 1996 court order. The chancellor, after reviewing financial documents provided by Roger Stroud, appointed a certified public accountant to review the income records to determine his AGI. Financial documents filed with the court by Roger Stroud appeared to indicate an attempt to lower his AGI by paying his current wife a salary almost equal to his own. Based upon findings of the accountant, the chancellor awarded Marion Stroud a judgment for past due child support in the amount of $24,644.00 for the years 1993 through 1997.
¶ 4. Subsequent motions for a new trial and to alter or amend the judgment were filed. A final judgment was entered in October 1998 awarding Marion Stroud past due child support in the amount of $28,445.00 for the years 1991-1997. It is from this final judgment that Stroud appeals.
ANALYSIS AND DISCUSSION OF THE LAW
I.
The Honorable Chancellor committed manifest error by not complying with the child support guidelines as set out in § 43-19-101 of the Mississippi code of 1972 annotated and amended for 1996 and 1997.
¶ 5. Stroud argues that the method used to calculate his AGI was manifest error, and that the court did not use the statutory guidelines in determining the amount of child support he should pay. "Section 43-19-101 establishes a rebuttable presumption as to the amount of child support to be awarded." Lee v. Stewart, 724 So.2d 1093, 1096 (¶ 7)(Miss.App.1998). Absent a showing on inapplicability, the statutory amount of child support for one child is 14% of the AGI. § 43-19-101 Miss. Code Ann. (Supp.1999). The AGI is defined as the gross income "from all potential sources" minus certain legally mandated deductions for taxes, social security contributions and involuntary retirement and disability contributions. Id.
¶ 6. In determining Stroud's child support obligation, the chancellor not only used the terms of the settlement agreement but also used the guidelines for child support as stated in Miss.Code Ann. § 43-19-101. The chancellor appointed a CPA to review the financial records to determine the actual AGI of Stroud. The accountant used federal tax records from 1993 through 1997 furnished by Stroud and compared those records to AGIs stipulated *504 from the final judgment from a prior proceeding dated November 1, 1996 to determine Stroud's actual AGI for the years 1991-1997. The accountant adjusted Stroud's income by subtracting the legally mandated deductions and determining the percent profit margin for the years 1991 through 1995 as compared to the years 1996-1997.

 STIPULATED AGI TRUE AGI
1991 $ 111,385 $ 111,385
1992 115,385 115,385
1993 125,742 129,427
1994 116,941 119,622
1995 112,969 89,131
1996 123,095
1997 103,377

¶ 7. It was noted that Stroud, a dentist, attempted to divert income to his current wife, Pamela Stroud, by paying her a salary equal to his. His current wife is a registered nurse. She works in the dental office as an officer manager and medical director. By inflating her salary, Stroud lowered his AGI for support purposes without diminishing his household income. The chancellor found that Stroud, by placing his current wife on the payroll, decreased his net profits by 60%. The chancellor observed that it was not commercially reasonable to allow a 60% decrease in profits just to pay an employee. A person's financial position can not be voluntarily worsen in an attempt to lessen their child support obligation. Parker v. Parker, 645 So.2d 1327, 1331 (Miss.1994).
¶ 8. After review of the evidence presented to the court, the chancellor determined Roger Stroud to be $28,445.00 delinquent in child support. The chancellor reached this figure by applying 20% for the time period that Stroud was required to pay child support for two children, and 14% for the time period that he was required to pay child support for one child to the true AGI and offsetting that figure with child support payments actually paid. A judgment was entered for Marion Stroud for that amount. Finding no error, the ruling by the chancery court is affirmed.
¶ 9. THE JUDGMENT CHANCERY COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. SOUTHWICK, P.J., NOT PARTICIPATING.