2004 OK CIV APP 3

**Michael Edward SHEETS, Plaintiff/Appellee,**

v.

**Andra Lynn SHEETS, now Andra Lynn Baird, Defendant/Appellant.**

**No. 98,740.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 12, 2003.

Frank Sullivan, III, Sallisaw, OK, for Plaintiff/Appellee.

Joseph W. Harris, Tulsa, OK, for Defendant/Appellant.

## OPINION

CARL B. JONES, Judge.

¶1 Defendant/Appellant, Andra Lynn Sheets, now Andra Lynn Baird (Mother), and Plaintiff/Appellee, Michael Edward Sheets (Father), were married on July 15, 1989, and divorced on September 17, 1991. Their only child was born on February 4, 1990. The divorce decree awarded sole custody to Mother, granted visitation to Father, and ordered Father to pay $513.01 per month as child support. Mother filed her first motion to modify child support on June 27, 2001. Therein, she sought to increase Father's child support obligation on the basis that the

parties' income had increased over the years, due in part to the fact Father had recently opened a successful state-of-the-art veterinary clinic in Stilwell, Oklahoma. Mother also sought to be reimbursed for Father's share of $4,235.00 in orthodontics expenses she incurred for the parties' child. At trial, Mother's expert testified and produced documentary evidence of the methodology used to determine Father's actual earnings from self-employment for the purpose of calculating child support and arrived at an annual average income of $94,572.00. Mother's expert also noted a continuing upward trend in Father's gross receipts over the last three years.

¶ 2 Father admitted the parties' income had changed, but urged his earnings should be reduced by the value of his current wife's uncompensated services and contributions to the clinic. Mother's expert testified that Father's current wife "was valuable" at the clinic because she monitored the front desk, paid the bills, and handled collections for the clinic.

¶ 3 On August 20, 2002, the trial court ruled for purposes of child support computations, Father's gross salary shall be computed at $5,167.00 per month and Mother's gross salary shall be computed at $3,000.00 per month. The trial court arrived at this figure as follows: First, the trial court adopted the methodology proposed by Mother's expert for determining Father's self-employment earnings and determined that Father's adjusted income was $88,572.00. Then, the trial court reduced this sum by 30% for the vital, but uncompensated, contributions and services provided by Father's current wife to the clinic.

¶ 4 On September 3, 2002, Mother filed a motion to reconsider. Therein, she sought a ruling concerning Father's proportionate share of the orthodontics expenses which were omitted from the trial court's initial ruling. She also urged the trial court to reverse its initial grant of a 30% reduction in Father's earnings for his wife's contributions and services to the clinic. Mother also sought a reasonably calculated "upward adjustment" for child support increases due to the annual growth in Father's income. The trial court granted Mother's motion to reconsider, in part, and ordered the parties to equally share the orthodontics expenses, but overruled the remainder of Mother's motion to reconsider. Mother appealed.

¶ 5 Modification of child support obligations is a matter addressed to the sound discretion of the trial court. *Smith v. Smith*, 2003 OK CIV APP 28, ¶ 7, 67 P.3d 351, 353. We will not reverse the trial court's decision in a modification proceeding unless there has been a showing of an abuse of the trial court's discretion, or that the determination of the support amount is against the clear weight of the evidence. *Id.*

¶ 6 For her first proposition of error, Mother urges the trial court erred when it allowed a 30% reduction in Father's earnings from his clinic for the uncompensated labors of his current wife. The trial court granted the reduction primarily because Mother's own expert witness testified that Father's wife contributed vital services to the veterinary clinic. However, this was error. Title 43 O.S. Supp.2002 § 118(E)(1) provides "[a]ll child support shall be computed as a percentage of the combined gross income of both parents." When a parent, such as Father, is self-employed, 43 O.S. Supp.2002 § 118(E)(3)(a) defines "gross income" as "gross receipts minus ordinary and necessary expenses required for self-employment or business operations." The district court is required to "carefully review income and expenses from self-employment or operation of a business to determine an appropriate level of gross income available to the parent to satisfy a child support obligation." *See* § 118(E)(3)(c).

¶ 7 It is appropriate for a trial court to deduct business expenses from gross receipts to arrive at gross income. However, uncompensated contributions and services, no matter how valuable or vital to the business, do not constitute deductible business expenses because such services do not reduce the amount of gross income available to Father to satisfy his child support obligation. Father attempts to explain that a separate salary was not paid to his spouse for various tax reasons, and that had he paid such a salary

to his spouse, his gross income for child support computation purposes would have been reduced by such salary expense and corresponding employment taxes. However, the fact remains Father did not actually incur that particular salary and employment tax expense; therefore his wife's uncompensated services do not qualify as a deductible "expense" under § 118(E)(3)(a).

¶ 8 We find the trial court abused its discretion when it applied a 30% discount for the contributions and services made by Father's current wife to the clinic. This portion of the trial court's order is reversed. For child support computation purposes, the trial court is directed, on remand, to compute Father's gross monthly income at $7,381.00 per month and Mother's gross monthly income at $3,000.00 per month. Because we find the trial court erred when it applied the 30% discount, we need not address Mother's argument that Father has waived or is equitably estopped from requesting a monetary deduction from his earnings for his wife's unpaid contributions to the clinic.

¶ 9 Mother next urges the trial court erred when it denied prospective incremental income increases in Father's gross income for child support computation purposes because her evidence revealed annual increases in Father's gross income over the last three years. In support of her argument, Mother relies on § 118(E)(21) which provides:

The court, to the extent reasonably possible, shall make provision in an order for prospective adjustment of support to address any foreseen changes including, but not limited to, changes in medical insurance, child care expenses, medical expenses, and extraordinary costs.

¶ 10 We reject Mother's argument that § 118(E)(21) authorizes the trial court to order incremental income increases in Father's *gross income* for child support computation purposes. The term "foreseen," as used in § 118(E)(21), is defined as "to see or know beforehand." BLACK'S LAW DICTIONARY (Abridged 5th ed.1983). By using the terms "foreseen changes" the Legislature clearly intended that any prospective adjustments to child support be reasonably related to *known* or *clearly ascertainable* changes in

expenses or income, such as: known increases in insurance premiums or day care costs; ascertainable future medical costs; or contractually guaranteed salary increases. Here, there are no guarantees that the success of Father's business will continue in the future. Accordingly, we agree with Father that such prospective annual adjustments would be invalid. *See also Lairmore v. Lairmore,* 1980 OK 141, 617 P.2d 892. The trial court's denial of Mother's request for automatic "upward adjustments" in child support based on Father's potential future income is affirmed.

¶ 11 Both parties filed application for attorney fees which were denied by the trial court. Mother appealed. In *Thielenhaus v. Thielenhaus,* 1995 OK 5, ¶ 19, 890 P.2d 925, 934–35, the Supreme Court reiterated the rule established by 43 O.S. Supp. 2002 § 110(D), that either spouse may be required to pay the reasonable expenses of the other as may be just and proper under the circumstances. In making this determination, *Thielenhaus* directs the trial court to take into account what is just and equitable considering the respective parties and the means and property of each and only grant attorney fees to that litigant who qualifies for the benefit through the process of a judicial balancing of the equities. *Id.* We will not disturb the trial court's decision concerning attorney fees unless there has been an abuse of discretion. *Merritt v. Merritt,* 2003 OK 68, ¶ 20, 73 P.3d 878, 884. After reviewing the record, we cannot say the trial court abused its discretion when it denied Mother's attorney fees.

¶ 12 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

HANSEN, J., and MITCHELL, P.J., concur.