2005 OK CIV APP 22

**G. Kerry KNOWLTON, Plaintiff/Appellee,**

v.

**Cindy Louise KNOWLTON, Defendant/Appellant.**

**No. 100,379.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 4, 2005.

Galen L. Brittingham, Stacie L. Hayes, Atkinson, Haskins, Nellis, Holeman, Brittingham, Gladd & Carwile, P.C., Tulsa, OK, for Plaintiff/Appellee.

Kurt G. Glassco, McCollam & Glassco, P.A., Tulsa, OK, for Defendant/Appellant.

KENNETH L. BUETTNER, Chief Judge.

¶1 The parties were divorced in Tulsa County, Oklahoma in 1998 and Wife received custody of the children. In her Motion to Modify Child Support, filed September 27, 2002, Wife stated that Husband had a back injury at the time of divorce and that for the purpose of child support computation, the trial court attributed $4000 per month to him for a monthly wage. As the basis for her Motion to Modify Child Support, Wife claimed that Husband had received a large settlement for his back injury. At the time of the filing of the Motion to Modify in Tulsa County, Wife and children were living in Colorado and Husband was living in California. Husband's motion to dismiss, on the ground that Oklahoma had lost jurisdiction to modify the order pursuant to the Oklahoma Uniform Interstate Family Support Act, 43 O.S.2001 § 601–100 et seq., was granted. We affirm.

¶2 Title 43 O.S.2001 § 601–205A states:

A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order:

1. As long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

2. Until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

¶3 As stated, when Wife moved to modify the child support order in the District Court of Tulsa County, the court which had issued the initial child support order, neither she, the children, nor Husband were residents of Oklahoma. The record also reveals that none of the parties had filed written consents in the District Court of Tulsa County for a tribunal of another state to assume jurisdiction for modification of the child support order.

¶4 The standard and scope of review as to whether a court has subject matter jurisdiction is reviewable *de novo.* *Garrison v. Bechtel Corp.,* 1995 OK 2, ¶8, 889 P.2d 273, 278. "The term 'continuing, exclusive jurisdiction' is used in the Uniform Interstate Family Support Act (1992) (UIFSA) to indicate that only one tribunal has jurisdiction to modify a child support order at a time and that tribunals in jurisdictions that have enacted UIFSA (1992) have subject matter jurisdiction to enforce the one-order, provided they have personal jurisdiction over the respondent." *Linn v. Delaware Child Support Enforcement,* 736 A.2d 954, 959 (Del.1999).[1]

¶5 In *Etter v. Etter,* 2001 OK CIV APP 18, ¶7, 18 P.3d 1088, 1090, Division 2 of the Oklahoma Court of Civil Appeals pinpointed the problem of the inartful drafting of the Uniform Law: "The difficulty in interpreting the statute is that the subsections are not written in a parallel manner. Subsection (1) mandates that jurisdiction remains with the court issuing the support order *as long as* at least one of the parties resides in Oklahoma. Subsection (2) mandates that jurisdiction remains *until* all the parties file written consents." Accord: *Zaabel v. Konetski,* 209 Ill.2d 127, 282 Ill.Dec. 748, 807 N.E.2d 372 (2004)(citing *Etter's* point that the clauses are not written in a parallel fashion leading to an ambiguity in the situation where all the parties no longer live in the issuing state and

have not filed a consent, and holding state loses jurisdiction to modify when all parties have permanently left the issuing state.[2] We see no reason to deviate from the holding in *Etter.*)

¶6 In the case at hand, Oklahoma lost subject matter jurisdiction to modify the child support order as soon as Husband (obligor), Wife (obligee), and children (those for whose benefit the support order issued) no longer resided in this state. Local residence of at least one of that triad is necessary to establish the nexus for UIFSA subject matter jurisdiction.

¶7 Appellant also argues that Appellee consented to the jurisdiction of the court. Parties may not confer subject matter jurisdiction by consent. *Barrett v. Barrett,* 1994 OK 92, 878 P.2d 1051, 1054. Nor does Appellee's consent comply with § 601–205(A)(2). We read § 205(A)(1) to mean that jurisdiction is lost if all parties have permanently moved from the state issuing the original order. However, if at least one of the parties continues to reside in the issuing state, § 205(A)(2) allows the tribunal of another state to assume continuing, exclusive jurisdiction if all parties file written consents with the court in the issuing state. Section 205(A)(2) is not applicable in this case because none of the parties reside in Oklahoma.

¶8 Appellant's Motion to Submit Appellate Briefs is denied.

¶9 The District Court of Tulsa County, Oklahoma, lacked subject matter jurisdiction over Wife's Motion to Modify Child Support. The order dismissing the motion is AFFIRMED.

JOPLIN, P.J., and HANSEN, J., concur.

1. Wife argued in her trial brief that Husband had personally submitted to the jurisdiction of the District Court of Tulsa County. Although Husband denied this, it was irrelevant anyway. Parties cannot imbue a court with subject matter jurisdiction.

2. The issuing tribunal only loses subject matter jurisdiction when all the parties no longer reside within its boundaries. It may still enforce the child support order if it has not been modified. *Linn v. Delaware Child Support Enforcement,* 736 A.2d 954, 962 (citing the comment to Section 205 of UIFSA (1992)). Also see *Youssefi v. Youssefi,* 744 A.2d 662, 668, 328 N.J.Super. 12 (2000)("However, '[i]f all parties and the child reside elsewhere, the issuing state loses its continuing, exclusive jurisdiction—which in practical terms means the issuing tribunal loses its authority to modify its order.'")