IRVING, P.J.,
for the Court:
¶ 1. On October 22, 2007, the Lowndes County Chancery Court granted Holly Garcia (Quinones) and Christopher Garcia a divorce on the ground of irreconcilable differences. The chancery court awarded Holly physical custody of the couple’s minor children and ordered Christopher to pay $1,000 per month in child support. On November 12, 2009, Holly filed a petition requesting an increase in Christopher’s monthly child-support obligation, which the chancery court denied. Feeling aggrieved, Holly appeals and argues that the chancery court: (1) erroneously considered her new husband’s income when denying the increase in child support, (2) ignored evidence that Christopher manipulated his income-tax withholdings to decrease his adjusted gross income, and (3) erred in denying her request for an increase in child support.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Christopher and Holly were divorced in 2007. The chancery court granted Holly physical custody of Matthew and Katie, the couple’s two children. The court granted Christopher liberal visitation and ordered him to pay $1,000 per month in child support. Holly later married Lieutenant Quinones,[1] a member of the United States Air Force, and moved to Pennsylvania with the children. Holly requested an increase in Christopher’s monthly child-support payments because the children’s needs and Christopher’s income had increased. Holly testified that she was a stay-at-home mom, and despite her new husband’s income, she struggled to pay for her children’s extracurricular activities, school supplies, and clothes.
Before IRVING, P.J., BARNES and CARLTON, JJ.
*111 Holly asked the chancery court to adjust Christopher’s child-support payments in accordance with the statutory requirements.[2]
¶ 4. Christopher is also a member of the United States Air Force and is currently stationed in Little Rock, Arkansas. Christopher’s Uniform Chancery Court Rule 8.05 financial statement, dated December 81, 2010, listed his monthly adjusted gross income as $7,002.86. Christopher testified that at the time of the hearing, he had not filed his 2010 income tax return. He noted that his taxable income for 2010 would be higher than his taxable income for 2009 because he had spent part of 2010 in Afghanistan. Christopher explained that his income would be different because the government does not deduct federal income taxes from a soldier’s salary while he is in combat.
¶ 5. The chancery court determined that, based on the statutory guidelines, Christopher should pay $1,400 per month in child support. However, because Christopher carried the financial burden associated with exercising his visitation rights with his children, who lived out of state, the chancery court departed from the statutory guidelines and refused to increase Christopher’s monthly child-support payments.
¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. “Domestic-relations matters are reviewed under the limited substantial-evidence/manifest-error rule.” Smith v. Smith, 20 So.Sd 670, 674 (¶ 12) (Miss.2009) (citing Evans v. Evans, 994 So.2d 765, 768 (¶ 9) (Miss.2008)). Thus, a chancery court’s findings will not be disturbed on appeal unless the findings were “manifestly wrong, clearly erroneous, or an erroneous legal standard was applied.” Id. (quoting Evans, 994 So.2d at 768 (¶ 9)).

1. New Spouse’s Income

¶ 8. Holly argues that the chancery court improperly considered Lt. Qui-nones’s income when determining whether to increase Christopher’s child-support payments. It is well established that a new spouse’s income should not be used in calculating child support. Shepherd v. Shepherd, 769 So.2d 242, 245 (¶ 14) (Miss. Ct.App.2000). However, there is no evidence that the chancery court considered Lt. Quinones’s income in arriving at its decision to deny Holly’s request for increased child support.
¶ 9. In its order, the chancery court noted that Lt. Quinones’s current annual salary was $40,000 and that he would receive a pay raise when the Air Force promoted him. However, the chancery court did not indicate in its order that its decision was based on Lt. Quinones’s income. Instead, the court explained that its decision was primarily based on the financial burdens associated with Christopher’s visi *112 tation with his children. Accordingly, this issue is without merit.

2. Income-Tax Withholdings

¶ 10. Holly contends that the chancery court erred when it failed to consider evidence that Christopher manipulated his income-tax withholdings in order to decrease his adjusted gross income and, by extension, his child-support obligations. This Court has previously held that “[a] person’s financial position cannot be voluntarily worsened] in an attempt to lessen [his] child[-]support obligation.” Stroud v. Stroud, 758 So.2d 502, 504 (¶ 7) (Miss.Ct.App.2000) (citing Parker v. Parker, 645 So.2d 1327, 1331 (Miss.1994)). However, Holly presented no evidence that Christopher had manipulated his financial status in an effort to decrease his child-support obligations. As such, this issue is without merit.

3. Child-Support Modification

¶ 11. Holly asserts that the chancery court erred in denying her request for an increase in child support. She maintains that because the children’s needs and Christopher’s income have increased, she is entitled to an increase in child support. However, based on our review of the record, the chancery court’s decision not to increase Christopher’s monthly child-support payment is supported by substantial evidence.
 ¶ 12. Section 43-19-101(1) governs child-support awards in Mississippi. The guidelines establish a rebuttable presumption that where there are two children, the child-support award should be twenty percent of the non-custodial parent’s adjusted gross income. Miss. Code Ann. § 43-19-101(1). However, the chancery court may deviate from the statutory guidelines if it makes “an on-the-record finding that it would be unjust or inappropriate to apply the guidelines in the instant case.” Chesney v. Chesney, 910 So.2d 1057, 1061 (¶ 7) (Miss.2005) (citing McEachern v. McEachern, 605 So.2d 809, 814 (Miss.1992)). A chancery court may modify a child-support award if there has been “a substantial or material change in the circumstances of one or more of the interested parties: the father, the mother, and the child or children, arising subsequent to the entry of the decree to be modified.” Edmonds v. Edmonds, 935 So.2d 980, 987 (¶ 19) (Miss.2006) (internal quotations omitted) (quoting Caldwell v. Caldwell, 579 So.2d 543, 547 (Miss.1991)).
¶ 13. After finding that there had been a material change in circumstances, the chancery court applied the appropriate statutory percentage to Christopher’s reported monthly adjusted gross income of $7,002.86 and determined that his new child-support obligation should be $1,400 per month. However, the court declined to increase his child-support payments “because of [the] travel distance involved for visitation and because [the chancery court had] placed the primary financial burden for such travel on Christopher, as well as the fact that Christopher [would] have the children for basically the entire summer....” Based on the above, the chancery court provided sufficient justification for its refusal to increase Christopher’s monthly child-support payments. This issue is without merit.
¶ 14. THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*113 LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. Lt. Quinones’s first name does not appear in the record.

. Mississippi Code Annotated section 43-19-101(1) (Rev.2009) provides:
(1) The following child support award guidelines shall be a rebuttable presumption in all judicial or administrative proceedings regarding the awarding or modifying of child support awards in this state:
Number [o]f Children Due Support
1
2
3
4
5 or more
Percentage [o]f Adjusted Gross Income That Should Be Awarded [f]or Support
14%
20%
22%
24%
26%