2013 OK CIV APP 25

**In re the Marriage of Ricardo HERR-ERA, Petitioner/Appellee,**

v.

**Melissa D. HERRERA, now Espinosa, Respondent/Appellant.**

**No. 109,315.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Feb. 20, 2013.

and of itself deprive the parent of parental rights.

Randolph S. Meacham, Ryan A. Meacham, Randolph S. Meacham, PC, Clinton, Oklahoma, for Petitioner/Appellee.

John Alberts, Kelly C. Pruden, Alberts & Associates, Oklahoma City, Oklahoma, for Respondent/Appellant.

JOHN F. FISCHER, Presiding Judge.

¶ 1 Respondent/Appellant Melissa D. Herrera, now Espinosa (Mother), appeals the decision of the district court modifying the award of child support to Ricardo Herrera (Father). We affirm finding the decision of the district court was neither against the clear weight of the evidence nor an abuse of the district court's discretion.

## BACKGROUND

¶ 2 Mother and Father had four children born of their marriage. In 2005, Mother and Father divorced, at which time a joint custody plan was entered. In 2006, Father was granted full custody of all four children, and Mother was not ordered to pay child support. In May 2010, Mother was awarded $2,000,000 in the settlement of a civil sexual abuse lawsuit against the former sheriff of Custer County, Oklahoma, and the Custer County Board of Commissioners. On July 1, 2010, Father filed a motion to modify seeking child support from Mother.

¶ 3 Mother filed a motion for change of venue claiming she would be unable to receive a fair trial in Custer County due to her lawsuit against and settlement with the County. Mother argued the district court would be unable to avoid allowing bias and prejudice to enter into her ruling on the motion to modify, because the judge herself was "in essence" a defendant in Mother's civil suit as a taxpayer in Custer County. Mother provided no evidentiary materials to support her claims of bias on behalf of the district court. The district court denied Mother's motion for change of venue, and specifically stated:

I'm going to deny the change—the request for a change of venue. And I want to put on the record and for everyone's clarification why I'm doing that. I had read this in the past when it was assigned to me. I am

a new judge on the bench here in this county. I was not associated with anything to do with drug court. In fact, I didn't even know you were a litigant in that case until I read this motion. That's how far removed I am and I was from that particular litigation. All I know about this case is what I've read in this green file which has been kept in the clerk's office. Litigation is something I deal with every day. Every person in the United States has the right to litigate what they feel is appropriate in the courtroom, and that's what you did, and I certainly do not hold that against you, nor will I have any lingering reasons to not think I can be fair and equitable in this case. And so, for that reason, I am going to deny the motion for a change of venue.

(Transcript of Modification Hearing, p. 7–8).

¶ 4 The district court conducted an evidentiary hearing on Father's motion to modify. At the conclusion of the hearing, the district court ordered the parties to produce documentation in support of their respective incomes, including information regarding the payments of Mother's settlement proceeds. Mother produced a settlement statement for the $2,000,000 award showing Mother would receive a net award of $817,993.85 after payment of litigation costs of $69,863.77 and attorneys fees of $965,068.13. Mother received an advance of the first installment for 2011 in July 2010, which required payment of penalties and interest resulting in a net payout of $115,663. The second and third installments for 2012 and 2013 would each equal $272,388. At the time of the hearing, Mother was working as wait staff at Trappers Restaurant earning approximately $1,700 per month. Mother conceded her total monthly income was $9,638.58. Father produced his pay stubs showing his monthly salary was $2,771.43.

¶ 5 In its Order awarding child support to Father, the district court calculated Mother's child support for three different periods of time. The district court recognized the parties' oldest child would graduate from high school in May 2012. The district court reduced Mother's admitted monthly income for the period of July 1, 2010, through June 1, 2011, from $9,638.58 per month to $9,221.92 per month by giving Mother a $5,000 credit for purchases of clothing for the children and for a percentage of a vehicle purchased for the oldest child. For that period, the district court followed the Child Support Guidelines and set Mother's support obligation at $1,736.99 per month.

¶ 6 The district court then calculated Mother's income through December 2013 to include the remaining disbursements she was scheduled to receive, specifically $544,776 for 2012 and 2013. The district court divided the total amount of the disbursements by 30 months, to reflect the total number of months from July 1 2011, through December 2013. The district court calculated Mother's income from July 1, 2011, through December 2013 to be $18,159.20 per month. The district court noted that, pursuant to the Guidelines, the total child support for four children based upon a $15,000 monthly salary was $2,548. From July 1, 2011, through May 1, 2012, the district court calculated Mother's base obligation according to the Guidelines at $2,220.42 per month, and deviated upward to $2,700 per month.

¶ 7 The district court noted that pursuant to the Guidelines the total child support for three children based upon a $15,000 monthly salary is $2,305. From June 1, 2012, through December 1, 2013, the district court calculated Mother's base obligation according to the Guidelines at $2,008.66 per month, and deviated upward to $2,400 per month. The district court stated the upward deviation was determined in accordance with 43 O.S.2001 § 119(B). The district court further ordered the parties to submit financial information to each other no later than December 10, 2013, for the purpose of recalculating child support effective January 1, 2014. Mother appeals the district court's denial of her motion for change of venue and the award of child support to Father.[1]

---

1. Mother filed a motion for new trial, which was summarily denied by the district court. On appeal, Mother did not question the propriety of the district court's denial of her motion for new trial. Accordingly, the same will not be considered by this Court. In regard to post-trial motions, 12

## STANDARD OF REVIEW

¶ 8 "Child support proceedings are matters of equitable cognizance." *State ex rel. Dep't of Human Servs. v. Baggett*, 1999 OK 68, ¶ 3, 990 P.2d 235, 238 (citing *Thrash v. Thrash*, 1991 OK 32, ¶ 12, 809 P.2d 665, 668). On appeal, an appellate court reviews the entire record, weighs the evidence and will affirm the district court's judgment relating to child support where it is just and equitable. *Id.* "Modification of child support is within discretion of trial court, and judgment of trial court will not be reversed on appeal unless it is against clear weight of evidence, or erroneous in respect that causes injustice and reflects abuse of discretion." *Huchteman v. Huchteman*, 1976 OK 174, ¶ 27, 557 P.2d 427, 430. "Accordingly, unless we determine that the trial court's decision is clearly against the weight of the evidence so as to constitute an abuse of discretion, it will not be disturbed." *Williamson v. Williamson*, 2005 OK 6, ¶ 5, 107 P.3d 589, 591. Further, child support matters are governed by statute. Legal questions involving statutory interpretation are subject to *de novo* review. *Heffron v. District Court of Oklahoma County*, 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076.

¶ 9 Whether to grant a change of venue pursuant to 12 O.S.2001 § 140 is left to the discretion of the district court, and its ruling upon the same will not be reversed absent a clear abuse of discretion. *Arkansas Louisiana Gas Co. v. Ackley*, 1965 OK 198, ¶ 6, 410 P.2d 35, 36.

## ANALYSIS

### I. Motion for Change of Venue

¶ 10 "District courts have continuing jurisdiction to modify their child custody and support orders . . . . [i]t is well established the trial court retains continuing jurisdiction after granting the divorce decree." *Barnett v. Klein*, 1988 OK 132, ¶ 5, 765 P.2d 777, 779 (citations omitted). Mother argues the district court abused its discretion in denying her motion for change of venue in accordance with 12 O.S.2001 § 140, which states:

> In all cases in which it is made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending, the court may, on application of either party, change the place of trial to some county where such objections do not exist.

In considering § 140, the Oklahoma Supreme Court has held "the burden of proof is on the moving party to establish the necessity of the change of venue." *Stevens v. Blevins*, 1995 OK 6, ¶ 10, 890 P.2d 936, 940. "The application for change of venue must state facts on which it is based, and not conclusions." *Gulf Oil Co. v. Woodson*, 1972 OK 164, ¶ 22, 505 P.2d 484, 490.

¶ 11 Mother's only evidence of potential bias or prejudice by the district court is the upward deviation from the Child Support Guidelines. Mother claims no evidence was presented to support an upward deviation, and thus the child support award was excessive, based upon prejudice and constituted an abuse of discretion pursuant to 43 O.S.Supp. 2009 § 118H (C)(1) and (3).[2] Title 43 O.S. 2001 § 119(B) instructs that: "If combined gross monthly income exceeds Fifteen Thousand Dollars ($15,000.00), the child support shall be that amount computed for a monthly income of Fifteen Thousand Dollars ($15,-

O.S.Supp.2004 § 990.2(A) reads in relevant part: "If the decision on the motion [for new trial] was against the moving party, the moving party may appeal from the judgment, decree or final order, from the ruling on the motion, or from both, in one appeal, within thirty (30) days after the filing of the order disposing of the motion."

2. Section 118H(C) states:
   If the district or administrative court deviates from the amount of child support indicated by the child support guidelines, the court shall make specific findings of fact supporting such action. The findings of fact shall include:

1. The reasons the court deviated from the presumptive amount of child support that would have been paid pursuant to the guidelines,
   * * * *
3. A finding by the court that states how, in its determination:
   a. the best interests of the child who is subject to the support award determination are served by deviation from the presumptive guideline amount, and
   b. application of the guidelines would be unjust or inappropriate in the particular case before the tribunal.

000.00) and an additional amount determined by the court." When considering child support modification in a high parental income situation, the district court is required to determine on a case by case basis the appropriate amount of support in excess of the Guidelines looking not only at need but also each parent's ability to pay. *Archer v. Archer*, 1991 OK CIV APP 28, ¶ 10, 813 P.2d 1059, 1061.

■ ¶ 12 The district court noted the upward deviation was determined in accordance with 43 O.S.2001 § 119(B). The district court's deviation for both time periods was less than $200 more per month than the total child support obligation. For July 2011 through May 2012, the deviation consisted of an additional $479.58 per month above Mother's base obligation. For June 2012 through December 2013, the deviation consisted of an additional $391.34 per month above Mother's base obligation. Considering Mother's income will likely decrease dramatically after the final disbursement of her settlement proceeds, this Court cannot say the district court abused its discretion in its computation of Mother's income or of child support owed by Mother. Similarly, this Court finds the child support award was neither excessive nor contrary to existing law. No evidence of bias or prejudice by the district court exists in the record to support Mother's accusation. This Court will not presume prejudice or bias without a showing that the district court's impartiality can be reasonably questioned. *Pierce v. Pierce*, 2001 OK 97, ¶ 19, 39 P.3d 791, 799. Accordingly, the district court's denial of Mother's motion for change of venue was neither an abuse of discretion nor contrary to law and is affirmed.

## II. Child Support

■ ¶ 13 Mother raises multiple issues concerning the district court's award of child support. Principally, Mother contends the district court erred in that her settlement proceeds should not have been considered as income by the district court pursuant to 43 O.S.Supp.2009 § 118B. Mother complains the district court improperly interpreted § 118B(A)(3) regarding "passive income" and the phrase "all other income" to include the settlement proceeds from her civil sexual abuse lawsuit. Section 118B(A)(3) defines passive income as follows:

"Passive income" is defined as all other income and includes, but is not limited to, income from:

a. dividends,

b. pensions,

c. rent,

d. interest income,

e. trust income,

f. support alimony being received from someone other than the other parent in this case,

g. annuities,

h. social security benefits,

i. workers' compensation benefits,

j. unemployment insurance benefits,

k. disability insurance benefits,

*l.* gifts,

m. prizes,

n. gambling winnings,

o. lottery winnings, and

p. royalties.

Mother suggests the definitions of income as set forth in section 118B are substantially similar to those in the Internal Revenue Code. Mother reasons that because the Internal Revenue Code excludes personal injury awards from taxable income the district court improperly considered her settlement proceeds as income when calculating her child support obligation.

¶ 14 We find merit in Mother's argument that the settlement proceeds are not funds received from any traditional method of generating taxable income. However, we do not find that the definition of "passive income" in section 118B(A)(3) is so limited. This Court considered precisely the same argument in *In Re M.B. and A.B.*, 1998 OK CIV APP 35, 956 P.2d 171 and concluded:

Because § 118 does not expressly incorporate the exceptions from gross income which apply under federal tax law, we decline to read those exceptions into the statute. We therefore hold that the trial court did not err by considering amounts received by Appellant from settlement of

his personal injury claim as income for purposes of fixing his child support obligation. We are persuaded that this result is consistent with the broad remedial purpose of the child support statutes, to provide support for children according to parents' ability to pay.

*Id.* ¶ 7, 956 P.2d at 173. We find *In Re M.B.* persuasive. Although the categories listed in section 118B describe sources of income from personal effort, investments or replacements of earned income, there is one notable exception, "gifts." The inclusion of that category evidences a legislative intent to consider all funds available to a parent when determining child support. *Oklahoma Assn. for Equitable Taxation v. City of Oklahoma City*, 1995 OK 62, ¶ 5, 901 P.2d 800, 803 (legislative intent ascertained from the whole act based on its general purpose and objective). Consequently, the district court correctly interpreted section 118B(A)(3) and properly included the settlement proceeds when determining Mother's income for purposes of computing her child support obligation.

¶ 15 Next, Mother claims the district court's computation of child support was excessive, not supported by the law and was contrary to existing law pursuant to 12 O.S. 2001 § 651(4) and (6). First, Mother did not appeal the ruling on her motion for new trial. Second, we have addressed the substance of Mother's argument that amount of support was excessive in part I of this Opinion.

¶ 16 Mother also claims that her settlement proceeds represent a "lifetime award." According to Mother, the district court should have calculated her income from the settlement proceeds over the number of years consistent with her life expectancy for the purposes of setting child support. Mother provides no legal support for such proposition.[3] Mother's settlement proceeds were not payable over her lifetime but rather in three installments in 2011, 2012, and 2013. The Oklahoma Supreme Court has recognized that: "If a custodial parent's income

significantly increases, the children will surely benefit by an enhanced lifestyle. Likewise, the children should benefit from a significant increase in a non-custodial parent's income." *Kerby v. Kerby*, 2002 OK 91, ¶ 11, 60 P.3d 1038, 1042. Mother's proposed income calculation would not provide the children a benefit from Mother's increase in income for those three years.

¶ 17 Finally, Mother contends the child support award calculates her income based upon the assumption of a future event. Mother suggests the possibility that the 2012 and 2013 disbursements of her settlement proceeds may be reduced by fees, expenses and costs similar to the initial distribution. Mother relies upon *Lairmore v. Lairmore*, 1980 OK 141, 617 P.2d 892 for the proposition that child support may not be calculated based upon the assumption of a future event. In *Lairmore*, the father appealed the decision of the trial court which in part ordered child support to be automatically increased as his minor children reached certain ages. The Oklahoma Supreme Court held: "Like our sister jurisdictions of New Jersey and Oregon, we think it improper for a trial court to provide for automatic future changes in child support, based upon a single criterion— in the case before us, age." *Id.* ¶ 14, 617 P.2d at 894.

¶ 18 Unlike *Lairmore*, the district court's calculation of child support through December 2013 is based solely upon Mother's increase in income from the disbursements of her settlement proceeds. Based upon the information produced by Mother, the fees, expenses and costs associated with the first disbursement were the result of Mother's obtaining an advance on the 2011 disbursement. The information provided by Mother indicates the installments due in 2012 and 2013 would each equal $272,388. The settlement amounts due to Mother from the Custer County Board of Commissioners in 2012 and 2013 were neither speculative nor assumed future events. As such, this Court cannot say the district court abused its dis-

---

**3.** As a general matter, "A proposition which is unsupported by citation to authority will not be considered on appeal." *Hough v. Hough*, 2004 OK 45, ¶ 16, 92 P.3d 695, 703.

cretion is calculating Mother's child support to include her settlement proceeds.

## CONCLUSION

¶ 19 The district court did not abuse its discretion in denying Mother's motion for change of venue. Further, the district court's order awarding Father child support to be paid by Mother and calculating such support was neither against the clear weight of the evidence nor an abuse of discretion.

Accordingly, the decision of the district court is affirmed.

¶ 20 AFFIRMED.

BARNES, V.C.J., and WISEMAN, J., concur.