2014 OK CIV APP 77

**Rebecca Lynn BAZILEWICH,
Plaintiff/Appellee,**

v.

**Troy Matthew BAZILEWICH,
Defendant/Appellant.**

**No. 111,631.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Aug. 14, 2014.

Carla Robey–Harcourt, Oklahoma City, Oklahoma, for Appellant.

LARRY JOPLIN, Presiding Judge.

¶1 Appellant, Troy Bazilewich (Father), seeks review of the trial court's order of modification of child support, issued March 4, 2013, wherein Father sought visitation with the minor child and a correct accounting of child support arrearage. In its order, the trial court maintained custody with the child's mother, Rebecca Pennington (formerly Bazilewich), increased Father's child support payment to $369.45 per month, made provisions for shared medical expenses for the child, imposed a child support arrearage judgment of $1,621.16 for the period of April 2, 2002 to February 3, 2006, and an arrearage of $4,317.85 for the time period of February 3, 2006 to September 4, 2012, and a determination of interest owed in the amount of $1,312.24 for the entire period of April 2, 2002 through September 4, 2012. Mother was allowed to claim the child each and every year for purposes of income tax deductions.

¶2 The parents were divorced in 1999 in Missouri, at which time Mother was awarded custody of the couple's minor child, born in 1998. In 2002, while Mother and the daughter lived in Oklahoma, Mother sought modification of the original Missouri decree in Rogers County, Oklahoma, due to the fact Mother and daughter were living in Oklahoma at the time. The order was modified by the Oklahoma court in April 2002; in the 2002 order Father's visitation was suspended and Father was ordered to pay child support.

¶3 Father filed his motion to modify the April 2002 order in February 2006 in Rogers County. In 2006, neither Father, Mother, nor the daughter resided in Oklahoma. Since 2002, Mother has resided in five different states. Mother's counsel entered an appearance shortly after Father's motion to modify and Father requested a hearing before the Rogers County court on March 30, 2006. Father filed another hearing motion on February 6, 2012. Mother filed a response and counter motion to modify on April 10, 2012. Father amended his motion to modify and the hearing was conducted before the trial court on September 4, 2012. The court issued the appealed from order on March 4, 2013. From this order Father appealed. Appellee did not file a response to the petition in error nor a responsive brief on appeal.

¶4 Appellant's proposition of error alleging the trial court did not have jurisdiction over this matter is reviewed on appeal by a *de novo* standard. *Jackson v. Jackson,* 2002 OK 25, ¶2, 45 P.3d 418, 422. Matters regarding modification of a previous child support order are "addressed to the sound discretion of the trial court" and will not be reversed unless shown to be an abuse of the trial court's discretion or against the clear weight of the evidence. *Sheets v. Sheets,* 2004 OK CIV APP 3, ¶5, 83 P.3d 901, 903.

¶5 As Appellee did not file a response, this appeal proceeds on Appellant's brief only. In a case proceeding on the appellant's brief only, this court is under no duty to search the record for a basis to affirm the judgment, and where the appellant's brief is "reasonably supportive of the allegations of error" this court will ordinarily grant the relief sought by the appellant. *Sneed v. Sneed,* 1978 OK 138, 585 P.2d 1363. However, "(r)eversal is never automatic[.] [The trial court's judgment] is presumed correct until the contrary has been shown by the record." *Hamid v. Sew Original,* 1982 OK 46, 645 P.2d 496, 497 (citations omitted).

¶6 Appellant's first allegation of error asserts the trial court did not have continuing, exclusive jurisdiction such that would satisfy the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).

Although Mother briefly questioned the Oklahoma court's jurisdiction to address the modification in a responsive pleading in 2012, the matter was not further addressed to the trial court and was not discussed during the hearing on September 4, 2012. However, questions regarding the court's jurisdictional authority may be raised for the first time on appeal. *Baylis v. City of Tulsa,* 1989 OK 90, 780 P.2d 686, 687–88.

¶7 Oklahoma adopted the UCCJEA and provides for a court's exclusive, continuing jurisdiction as follows:

EXCLUSIVE, CONTINUING JURISDICTION

A. Except as otherwise provided in Section 16 of this act, a court of this state which has made a child custody determination consistent with Section 13 or 15 of this act has exclusive, continuing jurisdiction over the determination until:

1. A court of this state determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

2. A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

B. A court of this state which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under Section 13 of this act.

43 O.S.2001 § 551–202.

¶8 In addition, the Uniform Interstate Family Support Act (UIFSA) provides:

A. A tribunal of this state that has issued a support order consistent with the law of this state has and shall exercise continuing, exclusive jurisdiction to modify its child support order if the order is the controlling order and:

1. At the time of the filing of a request for modification, this state is the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

2. Even if this state is not the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued, the parties consent in a record or in open court that the tribunal of this state may continue to exercise jurisdiction to modify its order.

43 O.S. Supp.2004 § 601–205.

¶ 9 Father complains that Oklahoma no longer has any significant ties to this case, because Mother and daughter have not resided in the state since 2002 and Father has never resided in Oklahoma. Mother does not dispute it has been years since she and her daughter left Oklahoma. Mother has resided in a number of states since leaving Oklahoma in 2002. There is no evidence any family live in Oklahoma and the record demonstrates the child has no present connection to the state.

¶ 10 Father filed his motion to modify in 2006, several years after Mother and daughter had moved from the state. However, the Rogers County Court had been the last forum to issue a decision modifying the terms of the couple's 1999 divorce, pursuant to 43 O.S.2001 § 551–203. Despite evidence Oklahoma had no real continuing relationship to the parties, the trial court found it possessed subject matter jurisdiction and personal jurisdiction over the parties in this matter. However, the record does not reveal any jurisdictional inquiry that was engaged in on the part of the trial court.

¶ 11 "[J]urisdiction is an issue which is primary and fundamental in every case, and must be inquired into and answered by this court, both as to its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, whether raised by any party or not." *Pointer v. Hill,* 1975 OK 73, 536 P.2d 358, 361. Subsection (1) mandates that jurisdiction remains with the court issuing the support order as long as at least one of the parties resides in Oklahoma. Subsection (2) allows jurisdiction to remain with issuing court if all the parties file written consents. 43 O.S. § 601–205(A); *Knowlton v. Knowlton,* 2005 OK CIV APP 22, ¶ 5, 110 P.3d 578, 579 (citing *Etter v. Etter,* 2001 OK CIV APP 18, ¶ 7, 18 P.3d 1088, 1090). As a result, the *Etter* court found when all parties no longer live in the state that issued the subject order, and the parties have not filed consent to the court's jurisdiction, then the issuing state loses jurisdiction to modify the order when all parties have permanently left the issuing state. *Etter,* 18 P.3d at 1091. In practical terms, this means the issuing tribunal loses its authority to modify its order. *Id.* The court in *Knowlton* could find no reason to deviate from the holding in *Etter* and we can find no reason to do so in this case. The District Court of Rogers County lacked subject matter jurisdiction over Father's motion to modify.

¶ 12 Other cases have argued that the parties consented to jurisdiction by filing the modification in the issuing state and submitting to the court's authority throughout the hearing process. But, without statutory authority, parties cannot confer subject matter jurisdiction by consent. *Knowlton,* 110 P.3d at 579 (citing *Barrett v. Barrett,* 1994 OK 92, 878 P.2d 1051, 1054).

¶ 13 Because the trial court lacked jurisdiction to modify the 2002 child support order, when the parents and the child did not reside in the state and had not for a number of years, the appealed from modification order must be vacated. For this reason, we decline to address Father's proposition of error regarding the trial court's computation of child support and child support arrearage.

¶ 14 The order of the trial court is REVERSED.

HETHERINGTON, V.C.J., and BUETTNER, J., concur.