Guy W. HASTINGS, Plaintiff in Error,

v.

Margaret S. HASTINGS, Defendant in Error.

No. 35984.

Supreme Court of Oklahoma.

Sept. 28, 1954.

O. C. Essman, R. D. Hudson, Tulsa, for plaintiff in error.

Spradling & Moores, Tulsa, for defendant in error.

WELCH, Justice.

Margaret S. Hastings sued Guy W. Hastings seeking money judgment on a contract entered into by the parties prior to their divorce, or in the alternative, for judgment for accrued monthly installments of alimony on a Nevada divorce decree which by reference incorporates the terms of the contract.

On June 7, 1948, the plaintiff and defendant, then wife and husband, respectively, entered into a written stipulation and agreement stating therein that a divorce action was contemplated, and their purpose to advise the court of their desires in certain matters. The writing, among other things, provided:

"5. It is further agreed that defendant shall pay to plaintiff for her support and maintenance the sum of $175.00 a month to commence the first day of July, 1948.

\* \* \* \* \* \*

"12. It is further agreed and understood that the $175.00 monthly payment for the support and maintenance of plaintiff, as provided in subdivision 5 hereof, shall be reduced to $100.00 per month after the first year and shall continue until plaintiff either dies or remarries."

Subsequent to the execution of said writing the plaintiff obtained a decree of divorce from defendant in the district court of Washoe County, Nevada. The record of the judgment in the case recites:

"It is further ordered, adjudged and decreed that the written agreement made and entered into between the plaintiff and defendant on June 7, 1948, copy of which agreement was introduced in evidence in this cause and marked 'Plaintiff's Exhibit A' under the terms of which all property rights and all matters concerning the support of the plaintiff, and the support, maintenance, custody and control of the minor child of the parties now be and the same is hereby ratified, approved and adopted by this Court and by reference made a part of this decree."

Since more than a year preceding the filing of this case the defendant has paid nothing to the support and maintenance of the plaintiff.

Herein, judgment of the trial court was for the plaintiff for the sum of $2,247.50,

determined as the amount that is due and recoverable by the plaintiff on the Nevada judgment. The defendant brings appeal.

Argument as to all assignments of error is directed to a contention that the plaintiff's cause of action for unpaid alimony installments under the Nevada decree must fail because that decree does not provide for the payment of alimony in installments or for any alimony at all; that the decree does not set out any definite sum to be paid as alimony upon which an action will lie, or upon which execution could issue.

Admittedly, the Nevada decree is valid as a divorce decree.

■ A judgment of a court is that which is pronounced between the parties to an action upon matters submitted to the court for decision. 30 Am.Jur., Judgments, § 2.

■ The written memorial or record of the pronouncement of the Nevada court in the divorce action, introduced in evidence herein, shows that the written agreement of the parties was submitted to the court in connection with the application for divorce, and that said written agreement was adopted by the court and its terms by reference made a part of the court's decree.

Thus under the proof herein, it is apparent that there was a pronouncement of the Nevada court as between the parties to the divorce action, concerning the property rights, the support of this plaintiff and the support, maintenance, custody and control of the minor child of the parties, and of terms as accords with the certain written agreement of the parties.

The written agreement of the parties, herein proven and fully identified, and unquestioned as being a copy of the stipulation and agreement mentioned and identified and by reference incorporated in the memorial of judgment of the Nevada court, provides that the defendant shall pay to the plaintiff for her support and maintenance the sum of $100 per month until plaintiff either dies or remarries.

Thus in undisputed proof it is established that there was an adjudication of the Nevada court in connection with decree of divorce, that the defendant, as alimony, pay to the plaintiff the sum of $100 per month until her decease or remarriage.

Had the terms of the parties' written agreement been set out in haec verba in the memorial of judgment of the Nevada court, the proof of the pronouncement of the court between the parties to the divorce action would have been greatly simplified. Nonetheless, and in equal clarity and certainty, the judgment of the court was shown upon proof of the written agreement in connection with the memorial of judgment containing the recitation that the written agreement is incorporated therein by reference.

■■ We are not apprised of any statute of the State of Nevada to the effect that a judgment for alimony to be valid must be in a particular form. The Nevada district court is a court of general jurisdiction. The presumption is that the court acted within the general scope of its powers, and that the judgment was rendered with authority. 31 Am.Jur., Judgments, § 414. Accordingly, we must presume its judgment for alimony in continuing payments is authorized by the laws of that state.

■ The existence of the judgment of the Nevada court being established and there being no jurisdictional difficulties, we must give to the judgment the same effect as it has in the state where it was rendered, and while the Nevada judgment does not fix a definite and certain or lump sum as the final obligation of the defendant as would be required in an alimony award in this state, it is nonetheless a final judgment for the amounts accrued and due and payable thereunder, and is entitled to full faith and credit in this state as required by Art. IV, § 1 of the Federal Constitution.

The judgment of the trial court is affirmed.

It is ordered and adjudged that the plaintiff recover on the supersedeas bond filed

herein in the amount of the judgment of the trial court that is here affirmed, and that such judgment be entered and enforced in the trial court.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.

ARNOLD, J., concurs in part and dissents in part.