2011 OK 6

**Debra Lynn THORNTON, now Watson, Appellant,**

v.

**Edward William THORNTON, Appellee.**

No. 107,334.

Supreme Court of Oklahoma.

Jan. 31, 2011.

---

24.  Title 36 O.S.2001 § 102 see note 5, supra.

Edward F. Saheb, Norman, OK, for Appellant.

Richard A. Cochran, Jr., Richard A. Cochran, Jr., PC, Marietta, OK, for Appellee.

COMBS, J.

¶1 Debra Lynn Thornton, now Watson (Mother), on March 17, 2009, filed a "Notice of Registration of Child Support Order and Income Withholding" seeking to register the parties' 1979 Texas divorce decree. Mother claimed an arrearage of $72,569.98 as of June 2008. The divorce decree Mother sought to enforce was entered on May 18, 1979, in Hunt County, Texas. The decree ordered Edward William Thornton (Father) to pay $160.00 a month for child support for the parties' son born April 24, 1975. Sixteen years after the child reached the age of eighteen, Mother sought to register the divorce decree in Oklahoma, pursuant to the Uniform Interstate Family Support Act (43 O.S.2001 § 601–100 et seq.).

¶2 Father filed an objection to the registration and enforcement request. In a brief to the trial court, Father noted sixteen years had passed since their son reached the age of eighteen. Father argued that most of Mother's claim was barred by the statute of limitations or dormancy. Father asserted Mother's claim is barred under Texas law and under the doctrines of estoppel and laches. Father also argued that the divorce decree and affidavit Mother attached to her petition did not meet Oklahoma statutory requirements. The trial court overruled Father's objection to the introduction of the documents.

¶3 The trial court granted Father's objection to registration of the order in Oklahoma because the judgment had expired in the state that rendered it. The Court of Civil Appeals reversed, finding that because Oklahoma has no statute of limitations on enforcement of child support orders, Oklahoma

law would control, interpreting §§ 601–602 and 601–603(A) of the Uniform Interstate Family Support Act. The Court of Civil Appeals focused on the procedure that occurs after a valid judgment is filed and registered in Oklahoma.

¶ 4 The first-impression issue presented in the instant matter is whether a Texas child support order that has become unenforceable in Texas may be registered and then enforced in Oklahoma, where Father now lives, pursuant to the Uniform Interstate Family Support Act 43 O.S.2001 and Supp.2009, § 601–100 through 601–901. We hold that a foreign unenforceable order cannot be registered and enforced in Oklahoma.

¶ 5 The validity of a judgment must be measured by the law in force when it was rendered. After-enacted legislation cannot impair the efficacy of a valid judgment. *Evans v. Evans,* 1993 OK 59, ¶ 10, 852 P.2d 145. The statute of limitations in Oklahoma prior to 1996 was five years for the collection of unpaid child support under 12 O.S.1981, § 95(6). Child support proceedings are of equitable cognizance. *Merritt v. Merritt,* 2003 OK 68, ¶ 7, 73 P.3d 878; *Hedges v. Hedges,* 2002 OK 92, ¶ 10, 66 P.3d 364. When reviewing the decision of the trial court in an equity proceeding, this Court has long held that the judgment will not be disturbed unless the trial court abused its discretion or unless the court's finding was clearly contrary to the weight of the evidence. *Merritt v. Merritt,* 2003 OK 68, ¶ 7, 73 P.3d 878; *Creech v. Creech,* 1956 OK 10, ¶ 9, 292 P.2d 376, 378; *Tschauner v. Tschauner,* 1952 OK 230, ¶ 25, 245 P.2d 448.

¶ 6 Title 43 O.S. Supp.2004, § 601–607 spells out the available defenses for vacating the registration of a foreign judgment. It states:

A. A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:

1. The issuing tribunal lacked personal jurisdiction over the contesting party;

2. The order was obtained by fraud;

3. The order has been vacated, suspended, or modified by a later order;

4. The issuing tribunal has stayed the order pending appeal;

5. There is a defense under the law of this state to the remedy sought;

6. Full or partial payment has been made;

7. The statute of limitation under Section 601–604 of this title precludes enforcement of some or all of the alleged arrearages; or

8. The alleged controlling order is not the controlling order.

B. If a party presents evidence establishing a full or partial defense under subsection A of this section, a tribunal may stay enforcement of the registered order, continue the proceeding to permit production of additional relevant evidence, and issue other appropriate orders. An uncontested portion of the registered order may be enforced by all remedies available under the law of this state.

C. If the contesting party does not establish a defense under subsection A of this section to the validity or enforcement of the order, the registering tribunal shall issue an order confirming the order.

Father has the burden of proving one of the aforementioned defenses.

¶ 7 Title 43 O.S. Supp.2004, § 601–604 provides the choice of law in cases such as these. It states:

A. Except as otherwise provided in subsection B of this section, the law of the issuing state governs:

1. The nature, extent, amount, and duration of current payments under a registered support order;

2. The computation and payment of arrearages and accrual of interest on the arrearages under the support order, and

3. The existence and satisfaction of other obligations under the support order.

B. In a proceeding for arrears under a registered support, the statute of limitation of this state or the issuing state, whichever is longer, applies.

C. A responding tribunal of this state shall apply the procedures and remedies of

this state to enforce current support and collect arrears and interest due on a support order of another state registered in this state.

D. After a tribunal of this or another state determines which is the controlling order and issues an order consolidating arrears, if any, a tribunal of this state shall prospectively apply the law of the state issuing the controlling order, including its law on interest on arrears, on current and future support, and on consolidated arrears.

The state of Oklahoma must apply the law of the issuing state as to the nature, extent, amount and duration of payments under a support order.

¶ 8 In *Hastings v. Hastings,* 1954 OK 248, ¶ 0, 274 P.2d 540, this Court held:

A Nevada judgment for divorce and for continuing monthly payments to wife from husband, valid in Nevada, is here entitled to full faith and credit as a final judgment for the monthly sums which have accrued and are due and payable thereunder.

See also, *Catlett v. Catlett,* 1966 OK 55, ¶ 17, 412 P.2d 942. *Allen v. Allen,* 1948 OK 183 ¶ 0, 209 P.2d 172.

■ ¶ 9 In the instant matter, there is a defense under the law of this state to the remedy sought. A judgment valid in the issuing state is required for the courts of this state to recognize and register the order of child support. The provisions of 43 O.S. Supp.2004, § 601–604 require the courts of this state to apply the law of the state issuing the controlling order, in this case Texas.

¶ 10 In *Burnett–Dunham v. Spurgin,* 245 S.W.3d 14, 17 (Tex.App.2007), the Texas Court of Appeals held in an almost identical case:

Spurgin's obligation to make weekly child support payments ended when his youngest son turned eighteen on March 27, 1979. Because we conclude *section 157.261* applies, the final missed payment became a final judgment at that time. *Texas Civil Practice and Remedies Code section 34.001* (a) provides if a writ of execution is not issued within ten years after the rendition of a judgment of a court of record or a

justice court, the judgment is dormant and execution may not be issued unless it is revived. *TEX. CIV. PRAC. & REM. CODE ANN. § 34.001* (Vernon 1997). A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date the judgment becomes dormant, neither of which occurred in this case. *Id.* § 31.006. Thus, the civil practice and remedies code provides a twelve-year "residual" limitations period for final judgments.

¶ 11 In the present matter the judgment for past-due child support in the state of Texas became dormant and incapable of being revived on April 24, 2005, twelve years after the child became eighteen years of age. There is no evidence in the instant record that this dormant judgment had ever been revived within the proper window. The trial court was correct in disallowing the registration of the foreign support order as it was no longer a valid judgment.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT AFFIRMED**

¶ 12 CONCUR: COLBERT, V.C.J., KAUGER, WINCHESTER, EDMONDSON, REIF, COMBS, JJ.

¶ 13 DISSENT: TAYLOR, C.J., WATT, J.