2011 OK 56

John B. ACOTT, Appellant,

v.

NEWTON & O'CONNOR and John O'Connor, Appellees.

No. 108433.

Supreme Court of Oklahoma.

June 21, 2011.

Lawrence A.G. Johnson, Tulsa, Oklahoma, for Appellant.

Phil R. Richards, Richards & Connor, Tulsa, Oklahoma, for Appellees.

COLBERT, V.C.J.

¶ 1 The issue in this matter is whether on remand the trial court failed to follow the instructions of the Court of Civil Appeals. This Court holds that the trial court failed to do so. Therefore, its summary judgment must be reversed and the cause must be remanded for trial of the contested issues of material fact which were identified in the first appeal.

## FACTS AND PROCEDURAL HISTORY

¶ 2 In 1994, Plaintiff, John B. Acott, was involved in a car accident which left him in a coma. He was adjudicated incapacitated and his mother was appointed guardian. Plaintiff carried a $250,000 uninsured motorist policy. The driver who hit Plaintiff had a $50,000 liability policy. Plaintiff's mother began negotiating with Plaintiff's insurer for the UM payment. The other driver's insurer filed a petition in interpleader and Plaintiff's mother hired John O'Connor (Attorney) and Attorney's law firm for representation.

¶ 3 The probate court issued an order in the guardianship approving Plaintiff's hiring of Attorney to prosecute Plaintiff's claims. The court also approved the fee agreement, signed by Plaintiff's mother, providing for a

40 percent contingent fee for Attorney. Claims against both insurers were settled and the insurers paid over their respective amounts of $250,000 and $50,000. The trial court approved the settlements and Attorney received the fee. On June 5, 2002, Plaintiff had sufficiently recovered to be adjudicated competent and the guardianship was terminated on that date.

¶ 4 Exactly one year later, Plaintiff sued Attorney and his firm for fraud, breach of fiduciary duty, and breach of contract. Plaintiff alleged Attorney had pressured his mother into letting him handle both the interpleader matter and the UM settlement. Plaintiff further alleged that Attorney had persuaded his mother to sign two contingency fee agreements: the agreement presented to the court, and a second agreement which provided for a smaller, 25 percent contingency fee that would be binding between the parties but would be concealed from the court and the insurers. Attorney allegedly suggested the scheme because it would provide for a bigger payout because attorney fees would be taken out of the settlement ahead of subrogation. Plaintiff asserted Attorney had promised to pay his mother the difference between the two agreements but had refused to do so.

¶ 5 Attorney moved to dismiss and argued, among other things, the doctrine of issue preclusion applied because the guardianship court had approved the fee arrangement. The trial court granted the motion to dismiss without explanation. By an unpublished opinion in appeal number 104,213, the Court of Civil Appeals, division IV, affirmed in part, reversed in part, and remanded for further proceedings.

¶ 6 Division IV rejected Attorney's defense of issue preclusion stating:

> Under issue preclusion, or "collateral estoppel," once a court decides an issue of fact or law necessary to its judgment, that issue may not be relitigated between the same parties or their privies in a future suit on a different cause of action. *Benham v. Plotner*, 1990 OK 64, ¶ 5, 795 P.2d

510, 512. The doctrine requires, at a minimum, that the party against whom it is being asserted was either a party to or a privy of the party to the prior action, and that the issue subject to preclusion has been actually adjudicated in some prior case in which the issue was necessary or essential to the outcome. *Deloney v. Downey*, 1997 OK 102, ¶ 17, 944 P.2d 312, 318. Here, the issues raised in Plaintiff's petition have not been litigated.

> These issues include whether Attorney made and then violated a contract with Plaintiff's guardian, whether Attorney committed fraud, and whether Attorney breached his fiduciary duty. Thus, collateral estoppel does not apply.

> Furthermore, collateral estoppel cannot apply when a party did not have a full and fair opportunity to litigate an issue. *Danner v. Dillard Dep't Stores, Inc.*, 1997 OK 144, ¶ 8, 949 P.2d 680, 682. Attorney has argued that Plaintiff's mother could have objected to the higher fee agreement, and, instead, specifically accepted it in open court. However, even if it could be said that the mother was a party to the fraud, a ward cannot be estopped or held to ratify an illegal transaction by reason of the guardian's act. 39 Am.Jur.2d *Guardian and Ward* § 128 (1999). Disputed, unlitigated issues of fact are present, and the trial court erred in dismissing the lawsuit against Attorney.

Thus, the Court of Civil Appeals determined and identified the material issues of fact that precluded summary judgment and determined that Attorney and his firm were not entitled to judgment as a matter of law. This Court denied Attorney's petition for certiorari review of the Court of Civil Appeals opinion and issued the mandate.

¶ 7 On remand, before a different trial judge, Attorney and his firm sought summary judgment asserting a new legal attack on the sufficiency of Plaintiff's petition. Attorney argued that the lawsuit constituted an impermissible collateral attack on the order in the guardianship which approved the 40

percent contingency fee. This attack was based on the argument that the matter presented only allegations of fraud intrinsic to the proceedings and that a collateral attack on a judgment is permissible only upon a showing of extrinsic fraud. Plaintiff responded arguing that attorney's argument was contrary to the law of the case settled by the Court of Civil Appeals' opinion. The trial judge granted Attorney's motion for summary judgment and issued an order discussing its conclusion that only intrinsic fraud had been asserted.

¶ 8 Plaintiff brought a second appeal and division I of the Court of Civil Appeals summarily affirmed under Supreme Court Rule 1.202(d), Okla. Stat. tit. 12, app. 1 (2001), finding that "the opinion or findings of fact and conclusions of law of the trial court adequately explain the decision." This Court granted certiorari review to determine whether the settled law of the case established by the opinion of division IV had been followed.

## STANDARD OF REVIEW

¶ 9 Summary judgment is proper only "[i]f it appears to the court that there is no substantial controversy as to the material facts and that one of the parties is entitled to judgment as a matter of law." Rules for Dist. Cts., Okla. Stat. tit.12, ch. 2, app., Rule 13(e) (Supp. 2007). The trial court's ruling on the legal issue is reviewed de novo as a question of law. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084.

## ANALYSIS

¶ 10 "The doctrine of the settled law of the case which we have recognized since 1915, provides that issues which are litigated and settled on appeal, or which could have been settled in that appeal, may not be the subject of further litigation between the parties in that case and are deemed settled." *Miller Dollarhide, P.C. v. Tal,* 2006 OK 27, ¶ 8 n. 11, 174 P.3d 559, 563 n. 11. It "is a rule of judicial economy designed to prevent an appellate court from twice having to deal with the same issue." *Patel v. OMH Med. Ctr., Inc.,* 1999 OK 33, ¶ 22, 987 P.2d 1185, 1195. "An appellate court's decision settles and determines, not only all questions actually presented, but all questions existing in the record and involved in the decision by implication." *Handy v. City of Lawton,* 1992 OK 111, ¶ 13, 835 P.2d 870, 873. "Whether the issue was wrongfully or rightfully decided is not to be determined. Once settled on appeal, the appellate court will not review the issue on the second appeal." *Bierman v. Aramark Refreshment Servs.,* 2008 OK 29, ¶ 12, 198 P.3d 877, 881.

¶ 11 This Court has recognized one limited exception to the rule when "the prior decision is palpably erroneous and this Court is convinced that failure to reverse it will result in a gross or manifest injustice." *Id.,* ¶ 13, 198 P.3d at 881. Otherwise, "the sole remedy available from an erroneous decision of [the Court of Civil Appeals] is the writ of certiorari." *Id.,* ¶ 11, 198 P.3d at 881. *See also* Okla. Stat. tit. 20, § 30.14 (2001)(A decision of the Court of Civil Appeals "when final, shall be neither appealable to the Supreme Court nor be subject to reexamination by another division of the Court of Civil Appeals....."); Oklahoma Supreme Court Rule 1.171, Okla. Stat. tit. 12, app. 1 (2001); *McMinn v. City of Okla. City,* 1997 OK 154, ¶ 25, 952 P.2d 517, 524. Thus, under the settled law of the case doctrine, an issue may not be asserted on remand, or in a second or subsequent appeal, if the issue (1) was addressed in the first appeal, (2) could have been raised in the first appeal, or (3) the issue asserted was determined by implication in the first appeal.

¶ 12 Attorney asserted issue preclusion, previously known as collateral estoppel, in the trial court initially, in the first appeal, and in the petition requesting certiorari re-

view of the first appeal.[1] He argued that the probate court's Order Approving Employment of Attorneys in the guardianship established that the contingency fee contract presented to the court was appropriate and reasonable and therefore Plaintiff was barred from litigating the issues of fraud, breach of contract, and breach of fiduciary duty. The Court of Civil Appeals rejected that argument in the first appeal by identifying the issues of fact which were not decided by the probate court and holding that the order was not binding on Plaintiff if the transaction was illegal.

¶ 13 On remand, Attorney presented his challenge to Plaintiff's suit as one of "collateral attack" on the probate order.[2] He cited the general rule that "collateral attacks are impermissible" and noted the exception under which "judgments which are void and judgments in which extrinsic fraud has been shown may be attacked collaterally." *Dowell v. Dennis*, 2000 OK CIV APP 29, ¶ 15, 998 P.2d 206, 211.[3] Attorney asserted that the fraud asserted by Plaintiff was intrinsic only and that Plaintiff's collateral attack on the probate court's order was therefore impermissible. Plaintiff argued that the law of the case, settled in the first appeal, prevented the trial court and any

subsequent court from reexamining the issue of whether his suit was barred by the order of the probate court. Both the trial court on remand and the Court of Civil Appeals panel in the second appeal rejected Plaintiff's argument.

¶ 14 The issue asserted in both appeals was essentially whether the Plaintiff's fraud action was barred by the probate court's order in the guardianship which approved the appropriateness and the reasonableness of the contingency agreement it was presented. Whether asserted as issue preclusion or collateral attack, the issue was raised and rejected either expressly or by necessary implication in the first appeal and became the settled law of the case.

¶ 15 Attorney's belated change in advocacy in an attempt to undo the holding reached in the first appeal is unavailing. This matter does not fall within the exception this Court has recognized to the settled law of the case doctrine. The decision in the first appeal is not palpably erroneous nor does justice cry out on Attorney's behalf based on the facts asserted by Plaintiff which must be taken as true at this time. A trial of the fact issues identified in the first appeal must be required again of the trial court.

---

1. The doctrine of issue preclusion mandates that "once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim." *Okla. Dept. of Pub. Safety v. McCrady*, 2007 OK 39, ¶ 7, 176 P.3d 1194, 1199.

2. A collateral attack upon a judgment "is an attempt to avoid, defeat, evade, or deny the force and effect of a final order or judgment in an incidental proceeding other than by appeal, writ of error, certiorari, or motion for new trial." *Woods Petro. Corp. v. Sledge*, 1981 OK 89, ¶ 7 n. 4, 632 P.2d 393, 396 n. 4. Conversely, "[a] direct attack on a judgment is … 'an attempt to avoid or correct it in some manner provided by law, in a proceeding instituted for that purpose, in the same action and in the same court.'" *Dowell v. Dennis*, 2000 OK CIV APP 29, ¶ 18, 998 P.2d 206, 212 (quoting 49 C.J.S. § 408).

3. This Court has defined "extrinsic fraud" as "(a) any fraudulent conduct of a successful party, (b)

perpetrated *outside* of an actual adversary trial or process and (c) practiced directly and affirmatively on the defeated party, (d) whereby he was prevented from presenting *fully* and *fairly* his side of the case." *Patel v. OMH Med. Ctr.*, 1999 OK 33, ¶ 25, 987 P.2d 1185, 1196 (quoting *Calkin v. Wolcott*, 1937 OK 699, ¶ 32, 77 P.2d 96, 100). Extrinsic fraud has also been defined as "collateral acts not involved in the fact finder's consideration of the merits of the case." *Dowell*, 2000 OK CIV APP 29, ¶ 11, 998 P.2d at 209–210 (quoting *Greeninger v. Cromwell*, 140 Or.App. 241, 915 P.2d 479, 481 (1996)). "Intrinsic fraud", on the other hand, is "any fraudulent conduct of the successful party which was practiced during the course of an actual adversary trial of the issues joined and which had no effect directly and affirmatively to mislead the defeated party to his injury after he announced that he was ready to proceed with the trial." *Patel*, 1999 OK 33, ¶ 25, 987 P.2d at 1196 (quoting *Calkin*, 1937 OK 699, ¶ 31, 77 P.2d at 100).

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; TRIAL COURT REVERSED; CAUSE REMANDED WITH INSTRUCTIONS.

CONCUR: TAYLOR, C.J.; COLBERT, V.C.J.; KAUGER, WATT, EDMONDSON, COMBS, GURICH, JJ.

DISQUALIFIED: REIF, J.

NOT VOTING: WINCHESTER, J.