2012 OK CIV APP 24

**The SHAW GROUP, INC., and Zurich American Insurance Co., Petitioners,**

v.

**Patrick L. GREER and The Workers' Compensation Court, Respondents.**

No. 109,373.

Court of Civil Appeals of Oklahoma, Division No. 2.

Jan. 30, 2012.

Kevin D. Berry, Shena–Rae Dell Schramm, Perrine, McGivern, Redemann, Berry & Taylor, PLLC, Tulsa, Oklahoma, for Petitioners.

Victor R. Owens, Tulsa, Oklahoma, for Respondent Patrick L. Greer.

DEBORAH B. BARNES, Presiding Judge.

¶ 1 The Shaw Group, Inc., and Zurich American Insurance Co. (collectively, Employer) seek review of an Order of a three-judge panel of the Workers' Compensation Court affirming the decision of the trial court awarding Patrick L. Greer (Claimant) permanent total disability benefits (PTD). After review of the record and applicable law, we conclude the decision of the three-judge panel affirming the order of the trial court awarding PTD is not contrary to law. We therefore sustain the Order of the three-judge panel.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 This is the second appeal in this case. In the first appeal, this Court, in an Opinion mandated on May 21, 2010, Case No. 107,612, sustained the three-judge panel's order vacating the trial court's order. The trial court, in its order filed in May of 2009, found Claimant to be permanently and totally disabled, awarded him PTD, and determined he could not "even attempt retraining in his current condition" and had no "transferable skills."[1] The three-judge panel, in its order filed in September of 2009, vacated the trial court's order and directed that Claimant participate in a vocational rehabilitation program pursuant to 85 O.S. Supp.2005 § 16(D). The three-judge panel found in pertinent part as follows:

–2–

THAT on MAY 1, 2007, claimant ... sustained accidental personal injury to the NECK with bilateral radiculopathy to the UPPER EXTREMITY and LOWER EXTREMITY arising out of and in the course of claimant's employment.

–3–

THAT at time of injury, claimant's wages were sufficient to establish the rates of compensation at $577.00 per week for temporary total disability, $577.00 per week for permanent total disability and $289.00 per week for permanent partial disability.

–4–

THAT [Employer] shall provide the claimant with vocational rehabilitation services.... The purpose of these vocational rehabilitation services is to further evaluate claimant's permanent total disability status. As such, claimant is entitled to benefits under 85 O.S. Section 16(D) upon commencement of these services.

–5–

THAT determination of permanent total disability, if any, is reserved for future hearing.[2]

This Court sustained the three-judge panel's order, and Claimant began vocational retraining.

¶ 3 A hearing was held in December of 2010 and, following this hearing,[3] the trial court entered an order filed on January 5,

---

1. Record (R.), p. 39.

2. R., pp. 74–75.

3. The record index, at entry no. 69, provides that the December 2010 hearing "was submitted on medical and no testimony was taken."

2011.[4]  The trial court found in pertinent part as follows:

–3–

THAT claimant would testify that he attempted vocational rehabilitation per the order of the Three Judge Panel. . . . That claimant gave a good faith attempt to be retrained but [was] unable to continue.

. . . .

–5–

THAT additional evidence for trial on DECEMBER 13, 2010 was the CARE report of LISA COX . . . wherein [Claimant's] instructor at Tulsa Technology Center did not believe [Claimant] would be employable. . . .

–6–

THAT DR. HALE stated in his report . . . that he reviewed the report of LISA COX and he opined [Claimant's] disability is great and [Claimant] does not appear to be an employable candidate in the future. . . .

–7–

THAT as a result of [Claimant's] injury, § 16(D) benefits were paid at the rate of $577.00 per week from APRIL 23, 2010 to OCTOBER 6, 2010.

–8–

THAT as a result of said injury, claimant is TOTALLY AND PERMANENTLY DISABLED as defined by Title 85 O.S. Section 3(20), therefore [Employer] shall pay claimant compensation at the rate of $577.00 per week from SEPTEMBER 24, 2008 and continuing until further order of this Court, 119 weeks and 0 days have accrued and shall be paid in the lump sum of $68,663.00 **(less any payments made to claimant for § 16(D) benefits)**.

¶ 4 Employer sought review of the trial court's order before a three-judge panel.  In Employer's request for review, it argued the trial court erred (1) by awarding "retroactive benefits in paragraph 8 effective September 24, 2008, and continuing" when benefits "should not have commenced until October 7,

2010," and (2) by finding Claimant totally and permanently disabled.[5]  At the hearing held before the three-judge panel in March of 2011, Employer abandoned the latter argument,[6] but maintained its argument regarding the trial court's award of "retroactive" PTD.

¶ 5 In its Order filed on March 31, 2011, the three-judge panel found the trial court's order "was not against the clear weight of evidence nor contrary to law" and affirmed the decision of the trial court.  Employer appeals from the three-judge panel's Order.

## STANDARD OF REVIEW

¶ 6 This appeal presents issues of law only.  We review issues of law *de novo*.  *Bronson Trailers & Trucks v. Newman*, 2006 OK 46, ¶ 5, 139 P.3d 885, 889.

## ANALYSIS

### I.  Law of the Case

■ ¶ 7 Employer argues this Court determined in its previous Opinion that no PTD is to be awarded to Claimant for the "gap period"—the period of time between Claimant reaching maximum medical improvement on September 24, 2008, and April 23, 2010, when Claimant began receiving § 16(D) benefit payments during vocational rehabilitation.  However, no such determination was made in the previous Opinion.  Instead, this Court merely determined the three-judge panel properly postponed adjudication of the issue of PTD until after Claimant's vocational retraining.  That was this Court's intent when we stated in the Opinion, "we reject Claimant's argument the court *en banc* should have awarded him PTD prior to his commencement of vocational services and prior to a determination of his PTD status."  Therefore, we sustained the following paragraph of the three-judge panel's September 2009 order:

–5–

---

4.  The trial court originally entered an order filed on December 17, 2010, but vacated it in an "Order to Vacate" filed on January 5, 2011.  R., p. 191.

5.  R., p. 196.

6.  March 25, 2011 Transcript, p. 3.

THAT determination of permanent total disability, if any, is reserved for future hearing.[7]

■ ¶ 8 This Court did not decide in the previous Opinion that no PTD is to be awarded to Claimant for the period of time prior to the commencement of vocational rehabilitation. Instead, we sustained the postponement of the adjudication of that issue. Therefore, we reject Employer's assertion that the law of the case [8] was violated by an award of PTD for the "gap period."

## II. Refusal to Accept Vocational Retraining

¶ 9 Employer argues Claimant unreasonably refused its offer at the April 2009 hearing to undergo vocational retraining and, therefore, the three-judge panel erred by awarding Claimant PTD during the period of his refusal to accept vocational rehabilitation. Pursuant to § 16(A), if a claimant "unreasonably refuses to be evaluated or to accept vocational rehabilitation services or training, [PTD] shall not be awarded during the period of such refusal, and the employee shall be limited to permanent partial disability benefits only." 85 O.S. Supp.2005 § 16(A).

■ ¶ 10 Claimant argues Employer waived this argument by failing to raise it at the December 2010 trial court hearing and by only raising it for the first time on appeal to the three-judge panel. A transcript of the December 2010 hearing has not been provided to this Court on appeal, and the appellant bears total responsibility for including in the appellate record all materials necessary for corrective relief. *First Federal Savings and Loan Association v. Nath*, 1992 OK 129, 839

P.2d 1336, n. 31; *Pracht v. Oklahoma State Bank*, 1979 OK 43, ¶ 5, 592 P.2d 976, 978.

■ ¶ 11 However, even if Employer successfully raised this argument at the December 2010 hearing, Claimant's decision to refuse Employer's offer at the April 2009 hearing to undergo vocational retraining and to instead argue that such retraining "is not practical" [9] does not constitute an *unreasonable* refusal pursuant to § 16(A).[10] Section 16(A) contemplates a disagreement between an employer and claimant regarding vocational rehabilitation. Section 16(A) provides in pertinent part:

> If rehabilitation services are not voluntarily offered by the employer and accepted by the employee, the judge of the Court may on the Court's own motion, or if requested by a party may, after affording all parties an opportunity to be heard, refer the employee to a qualified physician or facility for evaluation of the practicability of, need for and kind of rehabilitation services or training necessary and appropriate in order to restore the employee to gainful employment.

Accordingly, a claimant's refusal of an employer's offer to undergo vocational retraining does not, by itself, constitute an unreasonable refusal. Moreover, in this case, the trial court agreed with Claimant in its order filed in May of 2009 that retraining was not practical, finding that Claimant could not "even attempt retraining in his current condition" and has no "transferable skills." [11] Although the trial court's May 2009 order was reversed by the three-judge panel, we find under the circumstances of this case that Claimant did not "unreasonably refuse[ ] . . . to accept vocational rehabilitation services or

7. R., p. 75.

8. The law of the case is a rule providing that issues which are litigated and settled on appeal, or which could have been settled in that appeal, may not be the subject of further litigation between the parties in that case and are deemed settled. *Acott v. Newton & O'Connor*, 2011 OK 56, ¶ 10, 260 P.3d 1271, 1274.

9. April 28, 2009 Transcript, p. 4.

10. "The goal of any inquiry into the meaning of a legislative enactment is to ascertain and follow its legislative intent. It is presumed that legisla-

tive intent is expressed in a statute's text and that the lawmaking body intended that which it expressed. Where the statute is plain and unambiguous, there is no room for judicial construction which would extend its ambit beyond the scope of the plain and unambiguous language. A statute is to be construed as a whole in light of its general purpose and objective." *Bronson Trailers & Trucks v. Newman*, 2006 OK 46, ¶ 9, 139 P.3d 885, 890 (footnotes omitted).

11. R., p. 39.

training" by challenging Employer's offer of vocational retraining at the April 2009 hearing. Therefore, the three-judge panel did not err.

### III. Claimant's Request for Appeal–Related Attorney Fees and Costs

¶ 12 Citing 20 O.S.2001 § 15.1 and *TRW/Reda Pump v. Brewington,* 1992 OK 31, 829 P.2d 15, Claimant argues he should be awarded appeal-related attorney fees and costs because Employer's appeal is frivolous. "Stated in its basic form a frivolous appeal is one having no reasonable or legitimate legal or factual basis to support it. It is an appeal where the result is obvious or appellant's arguments are wholly without merit." *TRW/Reda Pump v. Brewington* at ¶ 14, 829 P.2d at 22 (citations omitted). However, an appeal is not frivolous merely because the lower court's decision is sustained, and all doubts as to whether an appeal is frivolous should be resolved in favor of the appellant. *Id.* at 23. "Only if there are no debatable issues upon which reasonable minds might differ and the appeal is so totally devoid of merit that there is no reasonable possibility of reversal will an appeal be deemed frivolous." *Id.* (citation omitted). After thorough

consideration of Employer's arguments on appeal, we find its appeal is not "so totally devoid of merit" as to constitute a frivolous appeal. Therefore, we deny Claimant's request for appeal-related attorney fees and costs.

### CONCLUSION

¶ 13 After review of the record and applicable law, we conclude the decision of the Workers' Compensation Court is not contrary to law. The three-judge panel correctly affirmed the trial court's decision. Therefore, we sustain the panel's decision. We deny Claimant's request for appeal-related attorney fees and costs.

¶ 14 **SUSTAINED.**

FISCHER, C.J., and WISEMAN, J., concur.