OSCN Found Document:STATE ex rel. DEPT. OF HUMAN SERVICES v. COLDWATER

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. DEPT. OF HUMAN SERVICES v. COLDWATER
2016 OK CIV APP 3
Case Number: 113103
Decided: 10/22/2015
Mandate Issued: 01/05/2016
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2016 OK CIV APP 3, __ P.3d __

 

STATE OF OKLAHOMA, DEPARTMENT OF HUMAN SERVICES, CHILD SUPPORT SERVICES, Plaintiff,
v.
LAFE C. COLDWATER, Defendant/Appellant,
and
ERICA ANN BUTLER, Appellee.

APPEAL FROM THE DISTRICT COURT OF
GARFIELD COUNTY, OKLAHOMA

HONORABLE DENNIS W. HLADIK, TRIAL JUDGE

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS

Jon R. Ford, Enid, Oklahoma, for Defendant/Appellant
Terri K. Blakley, Randy J. Long, FIELD, TROJAN, LONG & CLAYPOLE, P.C., Enid, Oklahoma, for Appellee

JANE P. WISEMAN, JUDGE:

¶1 Lafe C. Coldwater (Father) appeals from the trial court's "Order Setting Forth Findings of Fact Regarding Child Support Deviation."[1] After review of the record and relevant law, we reverse and remand for further proceedings.

facts and procedural background

¶2 After the minor child was born, DHS initiated an administrative action to determine paternity and support obligations. In that action, it was determined that Father was the father of the minor child. According to the facts outlined on appeal in Case No. 110,933:

Pursuant to an order entered by the Office of Administrative Hearings: Child Support, Father was ordered to pay child support to Mother beginning October 1, 2010. Father was not ordered to pay any back child support to Mother for the time period from C.M.B.'s birth through September 2010. Mother did not appeal this administrative order to the district court, and it was docketed in district court pursuant to 56 O.S.2011 § 237.10. Father filed a petition for joint custody on October 15, 2010 using the same district court case number assigned to the docketed administrative order.

State ex rel. Dep't of Human Servs. v. Coldwater, 2014 OK CIV APP 56, ¶ 2, 328 P.3d 1252.

¶3 In the "Order Determining Custody, Visitation and Child Support" entered on January 20, 2012, the trial court terminated joint custody and granted "the full care, custody and control of the minor child" to Father. The trial court awarded Mother visitation and stated in the order that "[i]t is the intent of [the trial court] that the parties each receive approximately equal time with the child." As to child support, the order stated:

a. Based on the parties' current income, a monthly credit of $800 that is attributed to Mom supporting her two (2) older children, and the arguments of counsel, Dad, as Obligor, would normally pay to Mom a monthly child support payment of $661.29 based on the Child Support Computation attached as "Exhibit 2"; however, the Court is deviating from the Child Support Computation and is ordering Dad to pay Mom monthly child support in the amount of $400.00 per month.
b. The payments shall begin on the 1st day of April, 2012 and continue on the 1st day of each month thereafter until the child ages out or until further order of this Court.

The Child Support Computation form attached to the trial court's order was signed by the trial court as required by 43 O.S.2011 § 120(A)("A child support computation form shall be signed by the judge and incorporated as a part of all orders which establish or modify a child support obligation."). However, the trial court neither checked the box on the form indicating it deviated from the child support guidelines nor explained the deviations in the space provided.

¶4 Father filed a motion to reconsider the trial court's computation of child support. He argues that because he is by definition the custodial parent having the minor child more than 182 days per year, he should not be the "Obligor" for purposes of determining child support. He argues that Mother as the non-custodial parent should be the obligor. Father further asserts the trial court mistakenly deducted $800 from Mother's monthly income to compensate for having two other children in the home unrelated to this action. Father contends the trial court should have inserted Mother's full monthly gross income and inserted the number "2" in the "In Home Children" deduction line on the form to account for the other two children in the home. According to Father, changing these items would result in neither party owing any child support. Father asked the trial court to correct the child support form accordingly.

¶5 Mother responded to the motion to reconsider "stating that Father's arguments that he should not pay child support in this situation was a misapplication of Oklahoma law and argued that a proper application of parenting time adjustments . . . resulted in Father paying child support to Mother." In an order filed July 3, 2012, the trial court denied Father's motion to reconsider.

¶6 Mother appealed "(1) the award of legal custody to [F]ather, (2) the deviation from the child support guidelines without written findings and (3) the failure of the Trial Court to award her a child support arrearage." Father filed a counter-petition in error which was subsequently dismissed by the Oklahoma Supreme Court as being untimely filed.

¶7 In that appeal, Case No. 110,933, another division of this Court vacated the trial court's order reducing Father's child support obligation from $661.29 to $400 per month holding that the trial court "failed to make specific findings of fact justifying the deviation as required by 43 O.S.2011 § 118H(C). Thus, this portion of the trial court's order must be VACATED and REMANDED for a determination of whether such facts exist to support the deviation, and, if so, to articulate them as required by statute." Coldwater, 2014 OK CIV APP 56, ¶ 12.

¶8 On remand, the trial court entered an order on July 9, 2014, making specific findings of fact justifying its deviation from the child support guidelines.

¶9 Father appeals.

STANDARD OF REVIEW

¶10 "Child support proceedings are of equitable cognizance." Thornton v. Thornton, 2011 OK 6, ¶ 5, 247 P.3d 1180. "When reviewing the decision of the trial court in an equity proceeding, [the appellate court] has long held that the judgment will not be disturbed unless the trial court abused its discretion or unless the court's finding was clearly contrary to the weight of the evidence." Id.

¶11 "Further, child support matters are governed by statute. Legal questions involving statutory interpretation are subject to de novo review." Herrera v. Herrera, 2013 OK CIV APP 25, ¶ 8, 298 P.3d 1209 (citing Heffron v. District Court of Oklahoma Cnty., 2003 OK 75, ¶ 15, 77 P.3d 1069).

ANALYSIS

I. 43 O.S.2011 § 109.2 

¶12 Father first argues that because the trial court granted him legal custody, "43 O.S. § 109.2 requires the court to order the non-custodial party to be the obligor and pay child support." This provision provides:

Except as otherwise provided by Section 7700-607 of Title 10 of the Oklahoma Statutes, in any action concerning the custody of a minor unmarried child or the determination of child support, the court may determine if the parties to the action are the parents of the children. If the parties to the action are the parents of the children, the court may determine which party should have custody of said children, may award child support to the parent to whom it awards custody, and may make an appropriate order for payment of costs and attorney's fees.

43 O.S.2011 § 109.2 (emphasis added).

¶13 We find Father's first argument to be without merit. The statute does not require the trial court to order the non-custodial parent to be the obligor and pay child support. Section 109.2 provides that it "may award child support to the parent to whom it awards custody." (Emphasis added.) When construing statutory language, "[t]he term 'may' is ordinarily construed as permissive while 'shall' is commonly considered to be mandatory." Oklahoma Pub. Emps. Ass'n v. State ex rel. Oklahoma Office of Pers. Mgmt., 2011 OK 68, n. 18, 267 P.3d 838. This permissive statute does not prohibit the trial court from entering an order requiring Father to pay Mother child support even though he is the custodial parent. And, as set forth below, the Parenting Time Adjustment statute which replaced the Shared Parenting Adjustment statute makes it possible for a custodial parent to be an obligor for child support purposes.

II. 43 O.S. § 118 et seq. 

¶14 Child support for a child born out of wedlock "shall be ordered and reviewed in accordance with the child support guidelines provided in Section 118 of Title 43 of the Oklahoma Statutes." 10 O.S. Supp. 2014 § 83(D). We must therefore determine whether the trial court properly deviated from the guidelines.

In-Home Deduction

¶15 The trial court reduced Mother's gross monthly income by $800 in order "to provide necessities for the two older children in her custody" who are not part of this action. Instead, the trial court should have followed 43 O.S.2011 § 118C to determine whether Mother could receive a deduction from her gross income for "qualified prior-born other children whose primary residence is with the parent seeking deduction." 43 O.S.2011 § 118C(D)(2)(a). If Mother can establish the requirements of § 118(C)(D)(2)(a), then the trial court must follow § 118C(D)(2)(b) and (c). Once the trial court determines the number of qualified prior-born children, then that number can be inserted on the Child Support Computation form to determine the deduction amount. This amount will then be deducted from Mother's gross monthly income. We conclude the trial court did not properly compute this deduction and must do so in accordance with 43 O.S.2011 § 118C.

Parenting Time Adjustment 

¶16 The Parenting Time Adjustment statute, which replaced the Shared Parenting Adjustment statute, makes it possible for a custodial parent to be an obligor for child support purposes. The previous Shared Parenting Adjustment statute prohibited a child support award against the custodial parent: "In no event shall the provisions of this paragraph be construed to authorize or allow the payment of child support by the custodial parent to the noncustodial parent." 43 O.S. Supp. 2007 § 118(E)(10)(f)(partially repealed and amended effective July 1, 2009). This provision was removed from the new Parenting Time Adjustment statute. 43 O.S.2011 § 118E. In its place, the new statute prohibits "the payment of child support by a parent having more than two hundred five (205) overnights." 43 O.S.2011 § 118E(D)(5).

¶17 According to the Child Support Computation form signed by the trial court on April 23, 2012, Father was awarded 183 overnights per year and Mother was awarded 182 overnights per year.[2] Pursuant to the Child Support Guidelines: a "[c]ustodial person" is "a parent . . . who has physical custody of a child more than one hundred eighty-two (182) days per year" and a "[n]oncustodial parent" is "a parent who has physical custody of a child one hundred eighty-two (182) days per year or less." 43 O.S.2011 § 118A(4)-(5). Because neither parent has the child more than 205 overnights a year, either parent may become the obligor for child support purposes. The Legislature clearly omitted the previous provision prohibiting "the payment of child support by the custodial parent to the noncustodial parent" and replaced it with prohibiting the payment of child support "by a parent having more than two hundred five (205) overnights." This provision seems to correlate the amount of credit received under the new formula more directly with the amount of time each parent spends with the child, making the support obligations more proportionate. This provision also allows the court to determine that a noncustodial parent is the obligee. When a statute is plain and unambiguous, as it is here, "there is no need to resort to statutory construction." Rouse v. Oklahoma Merit Prot. Comm'n, 2015 OK 7, ¶ 17, 345 P.3d 366. We conclude the Parenting Time Adjustment statute found in 43 O.S.2011 § 118E, when not prohibited by the number of overnights, allows a custodial parent to be an obligor for child support purposes, for instance, when the custodial parent has a larger gross monthly income than the noncustodial parent. See generally Amy E. Wilson, The New Child Support Guidelines: What You Need to Know About Changes to the Guidelines Statute, 80 Okla. B. J. 2359 (Nov. 21, 2009).

¶18 Although the trial court on remand adequately explained its deviation from the child support guidelines as previously required by this Court, we conclude the child support can be calculated without deviating from the guidelines based on our analysis regarding the in-home deduction and the Parenting Time Adjustment statute. We reverse the "Order Setting Forth Findings of Fact Regarding Child Support Deviation" and remand to the trial court (1) to follow the requirements in 43 O.S.2011 § 118C regarding the in-home deduction rather than deducting $800 from Mother's gross monthly income under "A1" in the Child Support Computation form, and (2) to allocate 183 overnights to Father and 182 overnights to Mother to receive the proper parenting time adjustment. If Father is designated to pay child support as obligor after inserting the correct numbers into the Child Support Computation form, then as stated in this Opinion, the statute will not prohibit the trial court from awarding Mother, the noncustodial parent, child support. The trial court should then enter an order setting child support as calculated according to the guidelines and attach a signed Child Support Computation form.

III. Appellate Attorney Fees 

¶19 Mother requested appellate attorney fees pursuant to 43 O.S.2011 § 109.2, which provides: "If the parties to the action are the parents of the children, the court . . . may make an appropriate order for payment of costs and attorney's fees." Her request does not comply with Oklahoma Supreme Court Rule 1.14(B) which requires "a separately filed and labeled motion in the appellate court prior to issuance of mandate." Okla. Sup. Ct. R. 1.14(B), 12 O.S. Supp. 2014, ch. 15, app. 1. The request is therefore denied.

CONCLUSION

¶20 After reviewing the record and relevant law, we reverse the decision of the trial court and remand for further proceedings in accordance with this Opinion.

¶21 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

GOODMAN, V.C.J., and FISCHER, P.J., concur.

FOOTNOTES

[1] Mother filed a motion to dismiss Father's appeal arguing that because Father raised identical issues regarding child support in his counter-petition in error in the previous appeal (Case No. 110,933) which was dismissed as being untimely filed, he should be prohibited from raising the same issues in this appeal based on the doctrine of res judicata. In the previous appeal, the Court of Civil Appeals (COCA) vacated the trial court's order as to the issue of child support and remanded for the trial court to first comply with 43 O.S.2011 § 118H(C). COCA did not address the merits of the trial court's decision.

"'The doctrine of the settled law of the case which we have recognized since 1915, provides that issues which are litigated and settled on appeal, or which could have been settled in that appeal, may not be the subject of further litigation between the parties in that case and are deemed settled.'" Acott v. Newton & O'Conner, 2011 OK 56, ¶ 10, 260 P.3d 1271 (quoting Miller Dollarhide, P.C. v. Tal, 2006 OK 27, n. 11, 174 P.3d 559). "Thus, under the settled law of the case doctrine, an issue may not be asserted on remand, or in a second or subsequent appeal, if the issue (1) was addressed in the first appeal, (2) could have been raised in the first appeal, or (3) the issue asserted was determined by implication in the first appeal." Acott, 2011 OK 56, ¶ 11. "Where, on the judgment's reversal, a cause is remanded, it returns to the trial court as if it had never been decided, save only for the 'settled law' of the case." Smedsrud v. Powell, 2002 OK 87, ¶ 13, 61 P.3d 891. "The parties are relegated to their prejudgment status and are free to re-plead or re-press their claims as well as defenses." Id. (emphasis omitted). "The doctrine embodies a call for judicial economy designed to prevent 'rehashing' of issues in successive appeals." Id.

Because COCA vacated the portion of the trial court's order regarding child support and remanded to the trial court to determine whether facts exist to support deviating from the child support guidelines and, if so, to articulate those reasons, the merits of the trial court's decision were not reviewed on appeal. Even if Father's counter-petition in error had been timely, COCA would not have addressed his issues regarding child support. Father is now appealing the order entered on remand as directed by COCA in Case No. 110,933. Father is not "rehashing" issues previously addressed in the first appeal. Mother's motion to dismiss Father's appeal is denied.

[2] We note the only signed Child Support Computation form awarded 183 overnights to Father and 182 overnights to Mother totaling 365 days. However, the trial court's subsequent order denying Father's motion to reconsider states it awarded each parent "182.5 days per year," making both parents the custodial parent pursuant to 43 O.S.2011 § 118A. The order on remand which is before us today makes the same statement. Exhibits 1 and 2 attached to Father's appellate brief in chief award Father 183 overnights and Mother 182 overnights. Mother states in her appellate brief in chief that she was awarded 182 overnights with the minor child. It is unclear from the record why the trial court changed the overnights to 182.5 for each parent when the parties and the original order with the only signed Child Support Computation form state otherwise.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2013 OK CIV APP 25, 298 P.3d 1209, HERRERA v. HERRERA
Discussed
 2014 OK CIV APP 56, 328 P.3d 1252, DEPT. OF HUMAN SERVICES CHILD SUPPORT SERVICES v. COLDWATER
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2002 OK 87, 61 P.3d 891, SMEDSRUD v. POWELL
Discussed
 2003 OK 75, 77 P.3d 1069, HEFFRON v. DISTRICT COURT OF OKLAHOMA COUNTY
Discussed
 2006 OK 27, 174 P.3d 559, MILLER DOLLARHIDE, P.C. v. TAL
Discussed
 2011 OK 6, 247 P.3d 1180, THORNTON v. THORNTON
Discussed
 2011 OK 56, 260 P.3d 1271, ACOTT v. NEWTON & O'CONNOR
Discussed at Length
 2011 OK 68, 267 P.3d 838, OKLA. PUBLIC EMPLOYEES ASSOC. v. STATE ex rel. OKLA. OFFICE OF PERSONNEL MANAGEMENT
Discussed
 2015 OK 7, 345 P.3d 366, ROUSE v. OKLAHOMA MERIT PROTECTION COMMISSION
Discussed
Title 10. Children
 Cite
Name
Level

 10 O.S. 83, Mother's and Father's Liability to Support and Educate Child - Expenses - Change of Surname
Cited
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 118, Child Support Guidelines
Discussed
 43 O.S. 118A, Definitions
Discussed
 43 O.S. 118C, Qualifying Deductions and Adjustments for Other Children - Computation of Deduction
Discussed at Length
 43 O.S. 118E, Parenting Time Adjustments
Discussed at Length
 43 O.S. 118H, Deviation from Child Support Guidelines
Discussed
 43 O.S. 109.2, Determination of Paternity, Custody and Child Support
Discussed at Length
 43 O.S. 120, Child Support Computation Form
Cited
Title 56. Poor Persons
 Cite
Name
Level

 56 O.S. 237.10, Docketing and Enforcement of Administrative Orders
Cited